[No. 14909.    Department One.— October 21, 1892.]

GEORGE SLIGHT, APPELLANT, *v*. G. S. PATTON
ET AL., RESPONDENTS.

MECHANIC'S LIEN — DATE OF COMPLETION OF BUILDING — IMMATERIAL MIS-
TAKE IN NOTICE OF LIEN — PLEADING — EVIDENCE. — A notice of claim
of a mechanic's lien is not required to state the date of the completion of
the work or structure, nor even that the lien was filed within thirty days
from its completion; and although the notice contains an evidently mis-
taken reference to a date of completion of the work, which was prior to
the commencement of the work, and more than thirty days prior to the
date of the lien, such mistake is immaterial, where both the notice and
the complaint allege that the lien was in fact filed within thirty days from
the completion of the building, and such fact is proved in the action to
foreclose the lien.

ID. — NOTICE OF SUBCONTRACTOR'S LIEN — SPECIFICATIONS OF ORIGINAL
CONTRACT — DEMURRER. — A complaint upon foreclosure of a subcon-
tractor's lien, which describes the notice of lien as stating that the claim-
ant entered into a contract with the original contractors, under and by
virtue of which he was to do all painting, staining, varnishing, and tint-
ing, and to furnish all necessary materials, as specified in the plans and
specifications of the buildings, is not fatally defective, as against a gen-
eral demurrer to the complaint, because the notice does not set forth the
plans and specifications of the original contract in regard to the painting.

APPEAL from a judgment of the Superior Court of Tulare County.

The facts are stated in the opinion.

*Brown & Daggett,* and *Daggett & Adams,* for Appellant.

*N. O. Bradley,* for Respondents.

VANCLIEF, C. — Action to enforce a mechanic's lien. A general demurrer to the complaint was sustained, and

plaintiff having declined to amend his complaint, judg-. ment was rendered in favor of defendants. The plaintiff brings this appeal from the judgment on the judgment. roll, and contends that the court erred in sustaining the demurrer to his complaint.

The complaint shows that plaintiff was a subcon- tractor with Thompson and Gamble, who were the origi- nal contractors with the defendant Patton, to build and paint for the latter, on his land, a house and barn and certain other structures, and to furnish all the materials. therefor, for the gross sum of $5,775, payable on the completion and acceptance of said buildings and struc- tures, or within ten days thereafter; that no part of this original contract price was made payable thirty-five days. after the completion of the contract; that the work was commenced by the original contractors on or about the twentieth day of July, 1889, and completed November 20, 1889; and that neither said original contract nor any note or memorandum thereof was ever filed in the office of the county recorder in the county in which said struc- tures were to be built; and further avers, that after the original contractors had commenced the erection of said buildings, to wit, on or about August 30, 1889, plaintiff entered into a contract with them, whereby it was agreed that he should do all the painting of said build- ings, and furnish all the materials therefor, according to the plans and specifications of said buildings, for the sum of $541.70, to be paid within a reasonable time after the completion of such painting; and that plaintiff duly performed his contract with the original contrac- tors to paint said buildings, and completed the same on the twentieth day of November, 1889, on which day said buildings and structures were finished, and com- pleted.

The complaint then proceeds to state the filing and recording of plaintiff's notice of lien within thirty days after the completion of said buildings and structures, a copy of which notice is exhibited as a part of the com- plaint.

In considering the objections to the complaint, a more particular statement of those portions of it alleged to be insufficient will be made.

1. The notice of plaintiff's claim of lien, which was filed on December 18, 1889, contains the following statement: "Said contract (subcontract) has been fully performed on the part of said George Slight, and the same was completed, and the work and materials furnished for said buildings or structures finished, on the twentieth day of *August*, 1889, and thirty days have not elapsed since the same was completed, and said buildings or structures finished."

Counsel for respondents contends that this statement shows that the notice of lien was not filed within thirty days after the buildings were completed, and therefore that no lien was created.

It is true that if the buildings were completed on August 20th, the filing of the notice of lien on the eighteenth day of December following was too late; but the notice also states that at the time it was filed thirty days had not elapsed since the buildings were completed, and further states that plaintiff's subcontract to do the painting was made on or about August 30, 1889. As both of these statements are utterly inconsistent with the statement that the buildings were completed on August 20, 1889, and since the official date of the filing of the notice is December 18th, it is quite apparent that the statement that the buildings were completed on August 20th was a clerical mistake of writing the word "August" instead of "November"; and so it is alleged in the complaint. (Phillips on Mechanics' Liens, 331.) But whether the mistake sufficiently appears on the face of the notice or not, plaintiff's lien, as against defendant Patton, is not affected thereby, if in fact the notice of lien was filed within thirty days after the buildings were completed, as alleged in the complaint; for it was not necessary that the notice of lien should have stated the date of the completion of the buildings. Section 1187 of the Code of Civil Procedure prescribes what the notice shall

state, and does not require that it shall state the date of the completion of the work or structures, nor even that the filing of the notice is within thirty days after the completion of the work. (*Harmon* v. *Ashmead*, 68 Cal. 325; *Jewell* v. *McKay*, 82 Cal. 146.) No record, evidence, or notice of these facts is necessary to create the lien, although it is necessary that plaintiff allege and prove that the notice of lien was filed within thirty days after the completion of the building. It is so alleged in this case, and the defendants should have been required to answer the allegation.

The complaint is also sufficient as against the defendant Hutchinson, who was joined as a party defendant by the usual allegations, that " he has or claims to have some claim or lien upon said buildings, and the land upon which they are situated, *but such claim or lien is subsequent to and subject to the lien of plaintiff*, hereinbefore set out."

By his demurrer, Hutchinson admits these allegations of the complaint to be true. If, therefore, the complaint is good as against Patton, it is necessarily good against Hutchinson.

2. That the notice of lien states the names of the persons by whom plaintiff was employed, and to whom he furnished materials, is too clear to admit of argument.

3. The only other objection urged against the complaint is, that " the notice does not contain a sufficient statement of the terms, time given, and conditions of his contract."

As to this, the notice states that on or about the 30th of August, 1889, the plaintiff entered into a contract with Thompson and Gamble, the original contractors, under and by virtue of which he " was to perform certain labor and furnish certain materials therefor, and the following is a statement of the terms, time given, and conditions of said contract, to wit: To do all painting, staining, varnishing, and tinting, and all necessary materials to be furnished by said Slight (plaintiff), as specified in the plans and specifications of said buildings or structures,

at and for the sum of $541.70, gold coin of the United States; no time specified for payments."

The only specified objection to this is, that it does not set forth the plans and specifications of the original contract in regard to the painting. It is not necessary to determine whether a special demurrer on this ground should have been sustained, as there was no such demurrer; but as against a general demurrer, I think the complaint was sufficient in this respect. (*Jewell* v. *McKay*, 82 Cal. 150.)

I think the judgment should be reversed, and the cause remanded, with instructions to the lower court to overrule the demurrer and proceed in the cause.

HAYNES, C., and FOOTE, C., concurred.

For the reasons given in the foregoing opinion, the judgment is reversed, and the cause remanded, with instructions to the court below to overrule the demurrer and proceed with the cause.

HARRISON, J., GAROUTTE, J., PATERSON, J.