## Schroth et al. v. Black.

1. MECHANIC'S LIEN—*Filing of a Statement, etc.*—Under section 4 of chapter 82, R. S., entitled "Liens," a statement was filed in the office of the circuit clerk containing this clause: "The said materials were to be paid for sixty days from the first of the month next after delivery." Afterward, in a petition to foreclose the lien, it was stated that the payment was to be made "sixty days after the date of the delivery, respectively, of the items of material furnished." The statement was filed as an exhibit to the petition and the court sustained a demurrer to it. *It was held* that the case did not come within the principle that the exhibit controls the pleading. That principle applies where the suit is to enforce the rights accruing under the exhibit and therefore the court erred in sustaining the demurrer.

2. MECHANIC'S LIEN—*Proceeding to Foreclose—Statement not an Exhibit.*—The statement required by section 4 of chapter 82, R. S., entitled "Liens," is a condition precedent to the commencement of the suit as against others than the owner and not, properly speaking, an exhibit when filed with the bill to foreclose the lien.

3. MECHANIC'S LIEN—*Sufficiency of the Statement.*—Any mistake or surplusage in the statement required to be filed under section 4 of chapter 82, R. S., entitled "Liens," will not defeat the lien if enough remains to show a compliance with the statute and nobody has been misled to his prejudice.

4. MECHANIC'S LIENS—*Requisites of the Statement.*—Section 4 of the mechanic's lien law does not require that the time the money is due should be stated in the statement to be filed in the office of the circuit clerk, but by construction, does require that it shall be due by permitting a suit to be brought at once.

5. MECHANIC'S LIEN—*Contents of the Statement—Estoppel.*—There is no element of estoppel in the matter of filing a statement under Sec. 4 of the mechanic's lien law. It is but an admission, which may be overcome by evidence, if untrue.

6. MECHANIC'S LIEN—*Amount Claimed Must Be Due When Statement Is Filed.*—Section 4 of chapter 82, entitled "Liens," contemplates that the indebtedness for which the lien is claimed shall be due when the statement is filed.

**Memorandum.**—Petition for mechanic's lien. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1892. Opinion filed February 14, 1893.

The statement of facts is contained in the opinion of the court.

Appellants' Brief, Pease & McEwen, Attorneys.

It was contended that if law and plain sense have anything to do with the law of liens (and many question if they have), then this sixty-day clause is not vital or conclusive. Indeed an unintentional misstatement of the amount due, dates of delivery and other essentials of lien statements, where no one is misled, does not invalidate the lien. Mitchell v. Penfield, 8 Kan. 186; Hopkins v. Forrester, 39 Conn. 351; Barber v. Reynolds, 44 Cal. 520; Albrecht v. Foster Lumber Co. (Ind.), 26 N. E. 157; Fourth Bap. Church v. Trout, 28 Pa. St. 153.

Where a lien was given by statute for the erection and completion of a building, and a lien claimant added in his statement, " alteration, repairing of and improvement," these words were held not to invalidate, but to be merely surplusage. Fisher v. Rush, 71 Pa. St. 40.

· Appellee's Brief, Boisot & Veeder, Attorneys.

A mechanic's lien filed before the time limited for filing liens is premature and of no effect. Davis v. Bullard, 32 Kans. 234; Catlin v. Douglas, 33 Fed. Rep. 569; Seaton v. Chamberlain, 32 Kans. 239; Roylance v. San Luis Hotel Co., 74 Cal. 276; Schwartz v. Knight, 74 Cal. 432; Conroy v. Perry, 26 Kans. 472; 2 Jones on Liens, Sec. 1430; Kinney v. Hudnut, 2 Scam. 472.

A lien claimant is estopped to deny the allegations of his lien notice. Olson v. Pennington, 37 Minn. 298; 2 Jones on Liens, Sec. 1455.

Where an inconsistency appears between an averment of a bill and a written instrument attached thereto as an exhibit, the latter will prevail, and a demurrer does not admit the truth of the averment. National Park Bank v. Halle, 30 Ill. App. 17; Greig v. Russell, 115 Ill. 484; Olson v. Pennington, 37 Minn. 298.

Matter unnecessarily inserted in a pleading can not be rejected as surplusage where it shows that the pleader has no cause of action. Gould's Pleadings (5th Ed.), Chap. III, Sec. 143, 171; Raymond v. People, 9 Brad. 345.

A mechanic's lien notice can not be amended after expiration of the time limited for filing liens. McDonald v. Rosengarten, 134 Ill. 126; 2 Jones on Liens, Secs. 1453 and 1455.

A running account for materials furnished for a house is an entire contract, giving no right to sue or file a lien until the last item is delivered. Phillips Mech. Liens (2d Ed.), Secs. 230 and 325; 2 Jones on Liens, Sec. 1435; Frankoviz v. Smith, 34 Minn. 403; Ehlers v. Elder, 51 Miss. 498, 501; Cox v. Western Pacific R. R. Co., 47 Cal. 89; Delaware R. R. Construction Co. v. Davenport & St. P. R. R. Co., 46 Iowa, 413; O'Leary v. Burns, 53 Miss. 174; Schmeiding v. Ewing, 57 Mo. 78.

A false statement invalidates the lien. Gibbs v. Hanchette (Mich.), 51 N. W. Rep. 691; Lynch v. Cronan, 6 Gray, 531.

OPINION OF THE COURT, GARY, P. J.

On the 9th day of October, 1891, the appellants, in compliance with section 4, chapter 82, R. S., "Liens," filed in the office of the clerk of the Circuit Court, a statement of mill work furnished by them for some houses then being built, showing items running from April 28th, through all the intervening period to August 7th of that year.

That statement contained this clause: "The said materials were to be paid for sixty days from the first of the month next after delivery."

In their petition for a mechanics' lien (as amended) they alleged that the payment was to be made "sixty days after the date of the delivery, respectively, of the items of material furnished."

The statement filed, was an exhibit to the petition; the appellee demurred, and the court sustained the demurrer.

That decision is now defended upon the ground that as the statement is an exhibit, the court on demurrer will regard it as controlling, if inconsistent with the allegation in the petition, and that from the statement it appears that it was filed more than three weeks before the last item was due.

Schroth v. Black.

We agree with the appellee that section 4 contemplates that the money shall be due when the statement is filed, for the last clause of it provides that the claimant "may bring suit at once," and there is no hint in the whole chapter that he may sue before his money is due, though in such case he may, under section 16, intervene in a suit commenced by any other party.

This case is not within the principle that an exhibit controls the pleading. That principle applies where the suit is to enforce the rights accruing under the exhibit. All the cases in which it is referred to, are of that character. Field v. Brokaw, 40 Ill. App. 371, and cases to be found by following the references there, are among them.

It is true, that the statement is a condition precedent to the suit, at least as against others than the owner (Sec. 28), but any blunder or mistake in it, or surplusage added to it, will not prevent or defeat the lien, if enough remains to show compliance with the statute, and nobody has been misled to his prejudice. Slight v. Patton (Cal.), 31 Pac. Rep. 248.

The section does not require that the time the money was due should be stated, but, by construction, does require that it shall be due—perhaps due at least the day before—when it is filed, by permitting "suit at once." The unnecessary part of the statement as to the time of payment may be rejected as surplusage. There is no element of an estoppel in the matter. It is but an admission, which may be overcome by evidence, if untrue.

On the demurrer, the allegation of the petition must be taken as the truth, and if there has been any misleading by the statement by which injury would follow if the statement is not adhered to, that fact can not appear on a demurrer.

The appellants urge that the August items may be dropped, and a lien enforced for the residue, if they are to be bound by the statement. The petition states the contract to be (somewhat vaguely) to furnish the mill work that might be called for in building the houses.

The August items were a part, small, but still a part, of

an entire contract, and no lien would accrue for part performance, (Geary v. Bangs, 33 Ill. App. 582,) nor, as we read section 4, until all the money upon the contract, as entire, was due.

The appellants must stand upon their whole claim, but are entitled to do that if they prove that it was due when they filed their statement.

Their application to amend the statement was rightly denied. McDonald v. Rosengarten, 134 Ill. 126.

But the demurrer was wrongly sustained, and the decree is reversed and the cause remanded.