[Argued March 13, 1893; decided March 22, 1893.]

# N. K. RANKIN *v.* CHAS. A. MALARKEY ET AL.

MECHANICS' LIEN—NOTICE—REQUIREMENT OF STATUTE.—The only way in which a lien can be secured is to file a notice containing the different facts required by the statute. No other notice, either record or personal, will be of any use. *Kezartee* v. *Marks*, 15 Or. 529; *Pilz* v. *Killingsworth*, 20 Or. 432; and *Gordon* v. *Deal*, 23 Or. 153, cited and approved.

MECHANICS' LIEN—NOTICE—CODE, § 3673.—The notice of lien must show, either by direct statement or by necessary inference, the name of the person to whom the material was furnished, and must also connect the lien claimant with the property owner.

NOTICE OF LIEN—CODE, § 3673.—A notice of lien in the following language, viz: "I, R., * * * have, by virtue of a contract with M. & Co., * * * and for the furnishing of material used in the building of a certain dwelling-house. * * * the ground on which said house was erected being the property of C. A.," * * * is wholly insufficient, under section 3673 of Hill's Code, because it does not show the name of the person to whom the materials were furnished, or the connection between the claimant and the property owner, and for the further reason that this notice does not show that R. ever did anything— the principal verb has been omitted.

XXIII. OR.—38.

Multnomah County: LOYAL B. STEARNS, Judge.

This was a suit by N. K. Rankin against Charles A. Malarkey and wife, and D. C. McDonald & Co., to foreclose an alleged lien for materials furnished to McDonald & Co., and which were said to have been used in the construction of Malarkey's house. After the pleadings were complete, the case was referred to John H. Handy, Esq., who sustained the claim of plaintiff, and advised that he was entitled to a lien as prayed for After argument before the circuit court, the report was fully confirmed, and a decree entered accordingly, from which defendants appeal. Reversed.

*Daniel J. Malarkey (Chas. H. Carey* on the brief), for Appellants.

*Harrison G. Platt,* and *Cicero M. Idleman (George H. Durham,* and *Robert T. Platt* on the brief), for Respondent.

MOORE, J.—This is a suit to foreclose a lien upon lots three and four in block seven of King's Second Addition to the city of Portland, Oregon, and upon a dwellinghouse erected thereon, the property of C. A. Malarkey, one of the appellants herein, for material furnished to the contractor. The court below held the lien valid, and a decree was entered foreclosing it, from which the defendants appeal.

A lien can be secured only by filing the required notice within the time prescribed. No other notice or claim of lien, though brought to the knowledge of the owner, has any effect. The lien exists by virtue of the statutory provisions, and the requirements prescribed for securing the benefits of this remedy must be observed: 2 Jones, Liens, § 1389. The decisions are unanimous that when a notice is required by statute, either to create or continue the lien, it is a matter of substantial requirement, and must be complied with on the part of the claimant: Phillips, Liens, § 338; *Kezartee* v. *Marks,* 15 Or. 529 (16

Pac. Rep. 407). What the statute requires in order to perfect the lien, is a condition precedent, and must be complied with before the lien can attach: *Pilz* v. *Killingsworth*, 20 Or. 432 (26 Pac. Rep. 305); *Gordon* v. *Deal*, 23 Or. 153 (31 Pac. Rep. 287).

Appellants contend that the notice set out in the pleadings fails to comply with the statutory requirements, and for that reason is ineffectual to create a lien. It is unnecessary to notice all the objections presented, as, in our judgment, one point urged is decisive of the case. Section 3669 of Hill's Code gives this remedy to one who has furnished material to be used in a building at the instance of the owner or of his agent, and provides that every contractor shall be held to be the agent of the owner. Section 3673 provides that every lumber merchant desiring the benefit of the act shall file with the county clerk a claim containing a true statement of his demand, with the name of the owner, the name of the person to whom he furnished the materials, and also a description of the property to be charged with said lien sufficient for identification, which claim shall be verified, etc. The plaintiff, desiring to avail himself of the benefit of this act, filed the following claim:

"Know all men by these presents, that I, N. K. Rankin, of the city of Portland, in the county of Multnomah, Oregon, have, by virtue of a certain contract made with D. C. McDonald & Co., of the county of Multnomah, Oregon, and for the furnishing of lumber and material used in the erecting and building and completing of a certain dwelling-house, the ground upon which the said dwelling-house was erected being at the time the property of C. A. Malarkey, who caused the said dwelling to be erected, said superstructure and land being known and particularly described as follows: Lots three and four in block seven, in King's Second Addition to the city of Portland, Oregon. That the contract and reasonable price of such material so furnished was the sum of two thousand and ninety dollars and eighty-one cents,

lawful money of the United States.    That the sum of one
thousand eight hundred and seventy-seven dollars and
fifty-one cents is now due or to become due in United
States lawful money, said account and demand being
hereinafter specifically set forth and stated.    That it is
the intention of the said N. K. Rankin to hold a lien
upon the premises hereinbefore described, and that it is
his intention to claim and hold such lien, not only upon
the buildings, erections and superstructures, but also
upon the land upon which the same are erected.    That the
following is a true and correct statement of the account
and demand of the claimant herein :

"For labor performed_____$
"Materials furnished_____    2,090.81
                                        _____
    "Total amount of debts_____              $   2,090.81
"Deductions by credits_____$    213.30
                                        _____
    "Total amount of deductions__              213.30
                                               _____
        "Balance now due____ _____           $   1,877.51
    "That thirty days have not elapsed since the comple-
tion of the said dwelling-house.
                                        "N. K. RANKIN."

This was duly verified by the claimant.

This notice of lien does not comply with the require-
ments of the statute, because it fails to state the name of
the person to whom the materials were furnished.    There
is no direct statement that McDonald was the person to
whom the claimant delivered the materials, or that he
ever delivered any, to be used in the construction of said
building, nor is there any fact stated from which such an
inference could be drawn.    It cannot be supposed that a
notice, which states that A claims a lien for a given sum ;
that the name of the owner is B ; that the name of the
person to whom he furnished the material is C, and that
the property was lot one in block two of a designated city,
would create a lien, without connecting the claimant with

the owner of the property. The statement should show a *prima facie* right of lien. It therefore must connect the claimant with the owner of the lot or building against which it is sought to enforce the lien, either by showing that the claimant contracted with the owner or his agent, or that he furnished materials to one who was erecting a building under a contract, or with the owner's consent: 2 Jones, Liens, § 1392; *Anderson* v. *Knudson*, 33 Minn. 172 (22 N. W. Rep. 302). While no particular form is necessary, the notice on its face should show that the claimant, at the instance of the owner or his agent, had furnished certain materials to be used in the construction of a building upon which he claimed a lien, and for this purpose the statute has required the claimant to name in his notice the person to whom the materials were furnished. The plaintiff having failed to do this, or to connect the owner of the premises with the materials furnished, his lien never attached to the land or building, and the decree of the court below must be reversed and the complaint dismissed.

[Re-argued November 2, 1893; decided November 20, 1893.]

[S. C. 34 Pac. Rep. 816.]

ON REHEARING.

BEAN, J.—The right to enforce a mechanics' lien against a building for labor performed or material used in its construction, is purely a creature of the statute, and does not exist, however equitable the claim may be, unless the party claiming the lien brings himself within the provisions of the statute by a substantial compliance with its terms. Whatever the statute makes necessary to the existence or enforcement of the lien must be substantially complied with, and the courts cannot, by construction, dispense with any of its requirements. This is the rule of the adjudged cases, both of this and other courts, and is the one announced by the former opinion herein. Now, applying this rule to the claim of lien before us, it is apparent that it does not comply with the

statute, because it does not appear on the face thereof, as required by section 3673, Hill's Code, to whom Rankin furnished the material, if indeed it appears that he furnished any of the material used in the Malarkey building. The language that "I, N. K. Rankin, * * * have, by virtue of a certain contract with D C. McDonald & Co., * * * and for the furnishing of lumber and material used in the erection and building and completing of a certain dwelling-house," cannot, under the most liberal rules of construction, without eliminating the words "and for the furnishing of," and substituting in place thereof the word "furnished," be tortured into a statement that by virtue of a contract with McDonald & Co., Rankin furnished lumber and material used in said dwelling-house. It is entirely silent as to what Rankin did by virtue of his contract with McDonald, nor can it be said, from a fair construction of the language, that the contract with McDonald & Co. referred to was for furnishing the lumber and material used in the Malarkey building. We are not disposed to apply a strict or technical construction to mechanics' liens, and however faulty or illy constructed they may be, if it can fairly be inferred from the language used that the requirements of the statute have been substantially complied with, they will be upheld and enforced. But we cannot change the language by eliminating and substituting words, and when the claim as filed is entirely silent upon one of the essential requirements of the statute, no rule of construction will authorize the court to supply the omission. The statute has required the claimant to file in a public office a sworn statement of a particular character, and that requirement must be at least substantially observed before the court can enforce the lien, and not having been done in this case, the former decree must be reäffirmed.

In addition to the point suggested, it is proper to remark that in the opinion of the court the claim of lien in this case was not filed within the time required by

Points decided.

law, nor does it contain a true statement of the plaintiff's demands.