### Joseph Badenoch, Jr. et al. v. John W. Hoffman, Emeline L. Hoffman and the Oak Park Building and Loan Association.

1. MECHANICS' LIEN—*Sufficiency of Statement, etc.*—The object of the statement under Sec. 4 of Chap. 82 of the act entitled Liens, is notice of the amount due, what for, when supplied, and upon what premises the lien is claimed. When these objects are attained in the statement it is sufficient.

2. MECHANICS' LIEN—*Variance Between Petition and Statement.*— A variance between the petition and the statement of the claim under Sec. 4 of Chap. 82 of the act entitled Liens, as to when the money claimed was due, is immaterial.

Memorandum.—Mechanics' lien. In the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding. Petition for mechanics' lien; judgment on demurrer; petition dismissed; appeal by petitioner. Heard in this court at the March term, A. D. 1893. Reversed and remanded. Opinion filed July 12, 1893.

The opinion states the case.

MATTHEWS, DICKER & HUGHES, attorneys for appellants.

JOHN OLNEY and FARLIN Q. BALL, attorneys for appellees.

OPINION OF THE COURT, GARY, P. J.

This is a petition for a mechanics' lien filed by the appellants, to which a demurrer was sustained and the petition dismissed. The only question made is as to the sufficiency of a claim for a lien under section 4 of the Lien Act, filed by the appellants.

First. No claim was necessary as against the appellees Hoffman and wife, sued as owners. Orr & Lockett Hardware Co. v. Needham Co., 51 Ill. App. 57.

Second. The claim here is substantially like the one held good in O'Brien v. Krockinski, 50 Ill. App. 456. Whether the hieroglyphics and abbreviations in the account represent items of merchandise may be a question on the evidence.

The statement says that the account is for lumber and mill work, and that a certain sum of money is due for it. The object of the claim is notice of the amount due, what for, when supplied, and upon what premises a lien is claimed. When that object is obtained the claim, or statement of claim, is, in those respects, sufficient.

Third. Any variance between the petition and the claim as to when the money was due is immaterial. Schroth v. Black, 50 Ill. App. 168.

The demurrer should have been overruled and the decree is reversed and the cause remanded.