[Argued November 16; decided November 20, 1893.]

## DILLON v. HART.'

### [ S. C. 34 Pac. 817.]

1. NOTICE OF MECHANIC'S LIEN — CODE, § 3673. — The notice of lien mentioned in section 3673 of Hill's Code, must not only show, either directly or by necessary inference, to whom the material or labor was furnished, but also that the claimant did in fact do something. *Rankin* v. *Malarkey*, 23 Or. 593,.approved and followed.

2. NOTICE OF LIEN — Code, § 3673. — A notice of lien in the following language, viz.: "Know all men by these presents, that I, H. E. * * * have, by virtue of a contract heretofore made with partners, * * * who were the contractors and agents of J. D. and C. C., and J. D. and C. C. were the owners and principals in the building and furnishing the material of a certain house, the ground upon which said house was built and material furnished being at the time the property of J. D. and C. C. who caused the said house to be built and material furnished," is insufficient to sustain a lien under section 3673 of Hill's Code, because it does not show to whom the material was furnished, or that any material was furnished at all. *Rankin* v. *Malarkey*, 23 Or. 593, approved and followed.

APPEAL from Multnomah: LOYAL B. STEARNS, Judge.

Suit by H. E. Dillon against J. D. Hart and C. C. Newcastle to enforce an alleged lien for material said to have been furnished to Cramer & Krupke, who were erecting a building on the land of the defendants. Decree for plaintiff, and defendants appeal.          REVERSED.

*Mr. Warren E. Thomas* (*Mr. Frank A. E. Starr* on the brief), for Appellants.

XXV. OR.—4.

*Mr. Patrick J. Bannon*, for Respoudent.

Opinion by Mr. Justice Bean.

This is a suit by a sub-contractor to foreclose a mechanic's lien upon the real property of the defendants for labor and material furnished and used in the construction of a building thereon. The portion of the claim of lien material to the question presented on this appeal, is as follows:—

"Know all men by these presents, that I, H. E. Dillon, of the city of Portland, in the county of Multnomah, state of Oregon, have, by virtue of a contract heretofore made with Cramer & Krupke, partners, of Portland, of the county of Multnomah, Oregon, who were the contractors and agents of J. D. Hart and C. C. Newcastle, and J. D. Hart and C. C. Newcastle were the owners and principals in the building and furnishing the material of a certain house, the ground upon which said house was built and material furnished at the time the property of J. D. Hart and C. C. Newcastle, who caused the said house to be built and material furnished."

This notice of lien is clearly insufficient within the rule announced in *Rankin* v. *Malarkey*, 23 Or. 593, 34 Pac. 816, 32 Pac. 620, and because it does not state, either directly or by necessary inference, to whom he furnished material, or for whom he furnished the labor for which he seeks to enforce the lien, or, in fact, that he furnished any material or performed any labor on the building of the defendants. Under the provisions of the statute it is essential to the validity of a mechanic's lien that the claim thereof as filed contains a statement of such claim and the person to whom claimant furnished material or for whom he performed labor, and, without such a statement, it is insufficient and cannot be enforced. For these

reasons the decree of the court below must be reversed, and the complaint dismissed.        REVERSED.

[Argued Oct. 31; decided Nov. 20, 1893; rehearing denied.]