[Argued March 29; decided July 5, 1894.]

## CURTIS *v.* SESTANOVICH.

[37 Pac. Rep. 67.]

26    107
†26   432
26    599
37*   67
38*   438
40*   229
26    107
27    276
27    277
o28   317
26    107
†32   405
26    107
36    492

1. NOTICE OF MECHANICS' LIEN — PRESUMPTION — NAME OF OWNER — CODE, § 3673.— A notice of a mechanics' lien, which states that the building on which the lien is claimed was erected for a designated person upon real property owned by him, sufficiently shows that such person was the owner of the building, for the presumption is that the building is attached to the land upon which it is erected. While this is not a direct and positive statement that any person owned the building, it is a sufficient statement of ownership to satisfy the requirements of section 3673, Hill's Code, in that regard: *Gordon* v. *Deal*, 23 Or. 154, distinguished.

2. NOTICE OF MECHANICS' LIEN — NAME OF PERSON TO WHOM MATERIALS WERE FURNISHED — CODE, § 3673.— A notice of lien which sets forth that the claimant has furnished materials which were used in constructing a certain building, and "that the materials so furnised to said S. and used in said building" consisted of ——, sufficiently states that the materials were furnished to S., and satisfies the requirements of section 3673, Hill's Code, in that regard.

3. NOTICE OF MECHANICS' LIEN — RELATION BETWEEN OWNER AND CONTRACTOR — INFERENCE.— The relation existing between the owner of the building and the person having charge of the construction thereof should be stated in the notice, when the employment was not at the instance of the owner, since it is by virtue of this relation that the agent has authority to bind the property of his principal: *Malarkey* v. *Rankin*, 23 Or. 593, cited and approved. A notice of lien stating that S. was an original contractor for constructing a building for H. sufficiently shows that the contract was made with H.; the relation of the parties is necessarily inferred from this statement.

4. NOTICE OF MECHANICS' LIEN — STATEMENT OF DEMAND — CODE, § 3673.— Under section 3673, Hill's Code, it is not necessary that the notice of lien should contain an itemized statement of the demand: *Ainslie* v. *Kohn*, 16 Or. 363, approved and followed.

5. NOTICE OF MECHANICS' LIEN — DATE OF COMPLETION OF BUILDING — CODE, § 3673.— The notice of lien need not state the date of the completion of the building, if the lien notice is in fact filed within thirty days after the completion thereof.

APPEAL from Marion: GEO. H. BURNETT, Judge.

This is a suit to foreclose a mechanics' lien. The Pacific Builders' Supply Company, a corporation, furnished materials to the contractors, Sestanovich & Childs, to be used, and which were used, in the construction of a brick building at Salem, Oregon, for John Hughes; and, not having received full payment therefor, filed with the proper county clerk, on the twentieth day of July, eighteen hundred and ninety-two, a duly verified claim of lien, of which the following is a copy: "Know all men by these presents, that the Pacific Builders' Supply Company, a corporation under the laws of the State of Oregon, has, by virtue of a contract heretofore made with Sestanovich & Childs, George Ham, Joseph Nickum, and Wm. J. Kelly, of the firm of Ham, Nickum & Company of Portland, Oregon, performed labor upon and furnished materials to be used in, and which were used in, the construction, alteration, repair, and completion of a brick building at Salem, Oregon, upon the premises hereinafter described, for John Hughes, the said Sestanovich & Childs, and George Ham, Joseph M. Nickum, Wm. J. Kelly, of the firm of Ham, Nickum & Company, being the original contractors, and having a contract for the erection, repair, alteration, and completion of said building, upon said property belonging to said John Hughes. That the materials so furnished to said Sestanovich & Childs, George Ham, Joseph M. Nickum, and Wm. J. Kelly, of the firm of Ham, Nickum & Company, and used in said building, and the labor performek upon said building, consisted of pressed brick and terra cotta, which said materials and labor are more fully set out and described in the bill of particulars hereto annexed, and marked Exhibit 'A' and made a part hereof, and being of the reasonable value of ($725.43) seven hundred and twenty-five and forty-three hundredths dollars. The land upon which said buildings are constructed was, at the time said contract was made with said Sestanovich &

Childs, George Ham, Joseph M. Nickum, and Wm. J. Kelly, of the firm of Ham, Nickum & Company, and still is, owned by the said John Hughes, and said land is known and particularly described as follows:  *  *  *  That the contract and reasonable price of said materials furnished and labor performed by the said Pacific Builders' Supply Company to be used in, and which were used in, the construction, repair, and furnishing of said buildings, was and is the sum of seven hundred and twenty-five and forty-three hundredths dollars, upon which there has been paid the sum of one hundred dollars, and no more, leaving a balance due of six hundred and twenty-five and forty-three hundredths dollars, after deducting all just credits and offsets, the whole of which is past due.    That said bill of particulars hereto annexed and marked Exhibit 'A' shows the amount and kind of materials furnished and labor performed, all of which was furnished and performed, as aforesaid, the price of which and the time when the same were furnished and performed, giving the credits for all payments thereon, and deducting all that ought to be deducted therefrom, and exhibits the balance justly due to the said Pacific Builders' Supply Company, and contains a true statement of their demand after deducting the just credits and offsets.    That it is the intention of the said Pacific Builders' Supply Company to claim the benefit of an act of the legislative assembly of the State of Oregon, entitled 'An act for securing liens for mechanics, laborers, material men, and others, and prescribing the manner of their enforcement,' approved February eleventh, eighteen hundred and eighty-five, and amendments thereto, and to secure and hold a lien upon the premises hereinafter described, and upon the buildings before mentioned and described, with the land upon which the same are erected, together with convenient space around the said building and about the same, or so much as may be required for a

convenient use and occupation thereof. That thirty (30) days have not elapsed since the said Pacific Builders' Supply Company has ceased to furnish the materials for and perform the labor aforesaid upon said building, nor has thirty (30) days elapsed since the completion of said building.

"THE PACIFIC BUILDERS' SUPPLY COMPANY,
"By C. H. RICHARDS, Agent."

On the third day of August, eighteen hundred and ninety-two, the company commenced this suit to foreclose the alleged lien, but the said corporation having thereafter made a general assignment to E. D. Curtis, he was, by order of the court, substituted therefor. The court, at the hearing, held the lien valid, and decreed a sale of the property to pay the amount claimed, with costs and disbursements, one hundred dollars attorney's fees, and three dollars for preparing and recording the notice of lien, from which decree all the defendants, except John Hughes, appeal. Several objections are urged to the sufficiency of the notice or claim. It is contended that it fails to give or state in direct, clear, and positive terms (1) the name of the owner of the building for which the materials were furnished; (2) to whom the materials were furnished; (3) the relations existing between the owner and the persons to whom such materials were furnished; (4) a true statement of the demand with debits, credits, and dates; (5) the date of the completion of the building, or when the materials were furnished; and (6) it is further contended that it appears from the record that the claim was not filed within thirty days after the materials were furnished, or within that time after the completion of the building.

AFFIRMED.

*Mr. Albert H. Tanner* (*Messrs. John H.* and *Hiram E. Mitchell* on the brief), for Appellants.

The notice of intention to claim a lien which is filed and recorded with the county clerk must in itself contain all the statements necessary to constitute a valid lien against the property to be charged, and allegations in the complaint of foreclosure will not cure defects in the notice: *Rankin* v. *Malarkey*, 23 Or. 593, 32 Pac. 620; *Bertheolet* v. *Parker*, 43 Wis. 551; *McGlauflin* v. *Beeden*, 41 Minn. 408; *Gordon* v. *Deal*, 23 Or. 153, 31 Pac. 287; *Warren* v. *Quade*, 29 Pac. 827, (Wash.); Jones on Liens, § 1390; Phillips on Mechanics' Liens, § 342; *Minor* v. *Marshall*, 27 Pac. 481.

I.   The notice of an intention to claim a lien must allege in clear, direct, and positive terms who is the owner of the realty, if known, and if not known, who is the reputed owner, and who is the owner of the building, if known, and if not known, who is the reputed owner: 2 Jones on Liens, § 1397; Phillips on Mechanics' Liens, § 345; *Gordon* v. *Deal*, 23 Or. 593, 31 Pac. 287; *Hooper* v. *Flood*, 54 Cal. 222; *Malter* v. *Falcon Mining Company*, 18 Nev. 209, 2 Pac. 50.

II.   The name of the person to whom the materials were furnished must be alleged in direct and positive terms: *Rankin* v. *Malarkey*, 23 Or. 593, 32 Pac. 620, 34 Pac. 816; *Dillon* v. *Hart*, 25 Or. 49, 34 Pac. 817. The notice states that the claimant has, "by virtue of the contract heretofore made with Sestanovich & Childs, and Ham, Nickum & Company of Portland, Oregon, performed labor and furnished materials to be used in, and which were used in, the construction, repair, alteration, and completion of a brick building at Salem, Oregon, upon the premises hereinafter described, for John Hughes." There is no statement in the notice as to whom the materials were furnished. The statement that the claimant had by virture of the contract with these parties furnished materials in the construction of a building for John Hughes, these parties being the original contractors, and having a contract for

the completion of said building, does not contain any statement or amount to an averment that the materials were furnished either to these parties or to John Hughes, or as to whom they were furnished. The statement "that the materials so furnished," in another paragraph, when not preceded by a statement of the manner in which they were furnished, does not amount to a direct or positive averment as to whom they were furnished. The claimant, apparently, had a contract with Sestanovich and others to furnish materials for John Hughes, and Sestanovich and others were erecting the building on land owned by Hughes. Now, what means the statement that the "materials so furnished" to Sestanovich and others? Were they furnished to Sestanovich and others as original contractors, made by the statute agents of John Hughes, for John Hughes, or were they furnished to Sestanovich and others? The statement that the "materials so furnished" to Sestanovich and others, referring back to a previous paragraph, which fails to state to whom they were furnished, or how, renders the statement uncertain as to whom the materials were furnished, and does not comply with the statute.

In the case of *Rankin* v. *Malarkey* the notice was to the effect that the claimant had, by virtue of a contract with McDonald & Company, furnished material and lumber in the erection of a dwelling-house upon ground owned by C. A. Malarkey, who caused the dwelling to be erected, and that the reasonable value of said material "so furnished" was the sum claimed. It was held that the notice did not contain a sufficient statement as to whom the materials were furnished. To our mind the notice in the *Rankin* v. *Malarkey* case was better than the notice in this case, as it averred that C. A. Malarkey was the owner and caused the building to be erected. This

statement does not appear in the notice now under consideration.

III.   The relation existing between the owner of the building erected and the persons to whom the materials were furnished must be stated in direct and positive terms: *Rankin* v. *Malarkey*, 23 Or. 593; *Rugg* v. *Hoover*, 28 Minn. 407; *Reindollar* v. *Flickinger & Company*, 59 Md. 469; 2 Jones on Liens, § 1392; *Anderson* v. *Knudsen*, 33 Minn. 172; *Fairhaven Land Company* v. *Jordon*, 32 Pac. (Wash.), 730. The notice utterly fails to show what connection there was between the owner of the building and Sestanovich and others, and John Hughes.   It says that Sestanovich and others, "being the original contractors, and having a contract for the erection, repair, alteration, and completion of said building upon said property belonging to said John Hughes."   There is no statement in this notice that Sestanovich and others had a contract with John Hughes for the erection, or repair, or alteration, or completion of any building.   It says Sestanovich and others "were the original contractors," but it does not say with whom they contracted, nor does it necessarily follow, from any statement in the notice, as to whom they contracted with.   It is true that the notice states that John Hughes is the owner of the ground, but it does not follow that their contract for the erection of a building was with him.   Their contract may have been with some lessee or other persons who were erecting the building.   We might, of course, infer that the contract was with John Hughes, the owner of the land, but such inference does not necessarily follow from what is stated in the notice.   It is by reason of the contract with the owner that the statute permits the owner to be charged with the cost of the materials and labor furnished by a subcontractor, and the relation between the owner and contractor must be stated.

IV.   The notice of lien must contain a true statement of the demand, and a mere general statement thereof, without dates, is not sufficient: *McWilliams* v. *Allen*, 45 Mo. 573; *Shackelford* v. *Beck*, 80 Va. 575; *Huffman* v. *Walton*, 46 Mo. 613; *Carson* v. *White*, 6 Gill (Md.), 17; *Rude* v. *Mitchell*, 97 Mo. 365; 2 Jones on Liens, §§ 1416–1417; Phillipps on Mechanics' Liens, §§ 349–352; *Corliss & Company* v. *Lewis*, 46 Mo. App. 278; *Valentine* v. *Rawson*, 57 Iowa, 179.

Section 3675 of Hill's annotated laws, requires that the claim filed with the county clerk should contain "a true statement of his demand after deducting all just credits and offsets."   The particular construction of this requirement, as we contend, is that the claimant should furnish an itemized statement of the account, showing dates, items of debit and credit, with a full description of the work or materials furnished, so that the owner or other interested party can determine, from the statement, the justness or correctness of the demand.   It should be such an account or statement as is generally understood when a statement or account is asked to be rendered between business men. A reference to the account annexed to the lien notice in this case shows that it has no dates.   It does not appear when the various items were furnished.   It does not show any credit or the amount due after deducting just credits and offsets, nor does it specify, with convenient or any certainty, the kind of material furnished.   The notice of lien purports to claim for labor, as well as material, but the account does not indicate what part of the claim was for material or what part was for labor.

V.   Section 3673 of Hill's Annotated Laws requires the subcontractor, within thirty days after he has ceased to labor thereon or furnish materials, to file with the county clerk his claim.   The notice fails utterly to show when the plaintiffs ceased to furnish labor or materials.   It states that "thirty days have not elapsed since the Pacific

Builders' Supply Company has ceased to furnish materials for and perform labor upon said building, nor has thirty days elapsed since the completion of said building." The date when the last work was performed or the last material furnished must be specifically stated in the notice: *Lehman* v. *Thomas*, 5 Watts & Ser. 262; *Rehrer* v. *Ziegler*, 3 Watts & Ser. 258.

*Mr. John H. Hall ( Mr. Wilson T. Hume* on the brief), for Respondent.

Opinion by MR. JUSTICE MOORE.

1.   The statute (section 3673, Hill's Code,) requires the claimant, in his notice of lien, to state the name of the owner of the building sought to be charged with the lien. The authorities are unanimous in support of the doctrine that what the statute requires in order to perfect the lien is a condition precedent, and must be complied with before the lien can attach to any property.   The lien begins with the commencement of the construction of the building, grows with its growth, and ripens with its completion; but, however equitable the claim may be, it does not attach to the building unless the claimant, within the time prescribed by law, prepares and files a notice thereof containing all the statutory requirements.   When the lien once attaches to the building, it, by relation, also attaches to whatever interest the owner of the building has in the soil that supports it, if it appears from the notice that the owner of the building has some interest therein.   "It is," says STRAHAN, C. J., in *Kezartee* v. *Marks*, 15 Or. 535, 16 Pac. 407, "the owner of 'such building or other improvements' whose name must be specified in the notice, and not the owner of the land where the same is erected."   In *Gordon* v. *Deal*, 23 Or. 154, 31 Pac. 287, BEAN, J., in discussing this question, says: "It is not sufficient that the

name of the owner appears in the lien incidentally, or as part of the description of the property, but that he is the owner of the building sought to be charged must appear on the face of the lien as an independent matter, either directly or by necessary inference." The statute of California (section 1157, Code of Civil Procedure,) requires the lien claimant to state in his notice the name of the owner or reputed owner, if known. In *Russ Lumber Company* v. *Garrettson*, 87 Cal. 589, 25 Pac. 747, the lien claimant had stated in his notice that Garrettson was the owner of a lot, giving its description, and that he entered into a written contract with Wanberg & Nelson, by which they agreed to erect and finish for him a building on said lot. It was contended that the claim of lien was defective in that it did not state the name of the owner of the building. The court in that case, in answer to the objection, says: "The above seems to be a sufficient statement that Garrettson was the owner of the building, which was erected for him on his land, and that the materials were furnished to Wanberg & Nelson, his contractors. To say that the name of the owner of the building, and the names of the persons to whom the materials were furnished, are matters of mere inference, since it does not necessarily follow that the owner of the land is the owner of the building, and the materials might have been furnished to a subcontractor, or other persons, seems to us to be not even a plausible argument." The notice in the case at bar distinctly states that the building was erected for John Hughes upon real property owned by him. If it had stated that it was erected for some other person on Hughes' land, there then might be some question as to the ownership of the building. A house is presumed to be attached to the land upon which it is erected (*Northrup* v. *Trask*, 39 Wis. 515); and had Hughes conveyed said real property, there can be no doubt from the statement con-

tained in the notice that the brick building erected thereon would have passed to the grantee under the deed. We think that while it is not stated in positive and direct terms that Hughes was the owner of the building, it is necessarily implied from the notice of lien that he was such owner. The statement that the claimant furnished materials to be used, and which were used, in erecting a building for John Hughes upon real property owned by him, is equivalent to saying that John Hughes owned the building.

2. The statute (section 3673, Hill's Code,) also requires the lien claimant to state in his notice the name of the person to whom he furnished the materials. This is one of the essential requisites of the notice, and must be complied with before the lien can attach: *Rankin* v. *Malarkey*, 23 Or. 593, 32 Pac. 620, 34 Pac. 816; *Dillon* v. *Hart*, 25 Or. 49, 34 Pac. 817. It is averred in the notice that the claimant furnished materials to be used in the construction of a brick building, etc., and, in a subsequent clause, that the materials so furnished to said Sestanovich and others, and used in said building, consisted of pressed brick and terra cotta. The notice might have stated the fact in more direct terms, but it is quite evident from an inspection of the instrument that the materials were delivered to Sestanovich and others. No other possible conclusion is deducible from the statement, and hence it complies with the statutory requirement.

3. The contractual relation existing between the owner of the building and the person having charge of the construction thereof should be stated in the notice, when the labor has been done or the materials have been furnished at the instance of any other person than the owner: 2 Jones on Liens, § 1392; *Rankin* v. *Malarkey*, 23 Or. 593, 32 Pac. 620, 34 Pac. 816; *Warren* v. *Quade*, 3 Wash. 750, 29 Pac. 827; *Heald* v. *Hodder*, 5 Wash. 677, 32 Pac. 728. It is by

virtue of this relation that the agent has authority to bind the property of his principal for labor done and material furnished in the construction, alteration, or repair of buildings: Hill's Code, § 3669. And since the notice should show a *prima facie* right to the lien, it is essential to its validity that the relation existing between the parties should appear on the face of the instrument, either directly or by necessary inference. The notice in the case at bar states that Sestanovich and others were the original contractors, and had a contract for the construction of a building for John Hughes. It is not averred in the notice that said contract was made with Hughes, but we think it is reasonably inferred therefrom. If the notice had alleged that Sestanovich and others were subcontractors, it would not have followed that the contract had been made with Hughes, but having alleged that they were original contractors for the erection of a building for John Hughes, they must necessarily have made a contract with him, and hence the relation of the parties is necessarily inferred from the instrument.

4. Our attention has been particularly called to the fact that the notice does not contain an itemized statement of the demand, including the dates when said material was furnished. The statute (section 3673) requires the claimant to file with the county clerk a claim containing a true statement of his demand after deducting all just credits and offsets. In *Ainslie* v. *Kohn*, 16 Or. 363, 19 Pac. 97, it was held that the words "a claim containing a true statement of his demand" did not imply that it should be an itemized statement. In *Willamette Falls Company* v. *Smith*, 1 Or. 181, it was held that a complaint in a suit to foreclose a mechanics' lien should show the dates when the materials were furnished. In the case at bar it is alleged in the complaint that by virtue of a contract entered into between the Pacific Builders' Supply Company and Sestanovich

and others, on or about June eighth, eighteen hundred and ninety-two, the said corporation furnished pressed brick and terra cotta to be used in the construction of said building, thus bringing the pleading within the rule announced in the preceding case.

5. In *Pilz* v. *Killingsworth*, 20 Or. 432, 26 Pac. 305, BEAN, J., in discussing the necessary allegations of a complaint to foreclose a mechanics' lien, says: "It must affirmatively appear from the complaint that the notice filed contained all the essential provisions required by statute; that it was proper in form, verified as required, and filed within the time prescribed," and from this it is contended that the notice should affirmatively show when the building was completed. In *Gault* v. *Soldani*, 34 Mo. 150, one of the cases cited in support of the above quoted doctrine, the complaint alleged that within thirty days after the materials were furnished and the work was done the claimant filed in the recorder's office his mechanics' lien. It was there held that it was not only necessary that the complaint should aver the filing of the account in the proper office, but also the time when filed. This being deemed a material issuable fact, the court reversed the decree, and remanded the cause, with leave to amend the complaint so as to show the date of filing the lien. But in *Slight* v. *Patton*, 96 Cal. 384, 31 Pac. 248, it was held that the statute did not require that the notice should state the date of the completion of the building, and that if the lien notice was in fact filed within thirty days after such completion, it was sufficient. Inasmuch as our statute is like that of California, we are inclined to the construction there adopted, and hold that the date of the completion of the building need not be stated when it appears that the claim was in fact filed within the required time.

The bill of materials annexed to and made part of the notice was dated June eighth, eighteen hundred and

ninety-two. The lien was verified June twenty-ninth, but was not filed with the county clerk until the twentieth of the next month. In *Ainslie* v. *Kohn*, THAYER, J., in speaking of the time within which the notice should be filed, says: "Whether, then, the claims were filed within thirty days after the work and material were furnished is unimportant, provided it was done within thirty days after the house was completed." It is alleged in the complaint that the building was completed June twenty-third, eighteen hundred and ninety-two, and the architect testifies that on said day he gave his certificate that the building was completed, but that it might have been finished the preceding day. The defendant Hughes testifies that in his judgment it was completed on June twenty-third, but it might have been completed a few days earlier. The defendants, in their original answer, alleged that in consequence of the delay caused by the Pacific Builders' Supply Company in furnishing said material, they were unable to complete the building until June twenty-third, eighteen hundred and ninety-two. Their amended answer, however, does not give the date of the completion of the building. At the trial the original answer was, without objection, offered in evidence. We think it clearly appears from this that the building was not completed until June twenty-third, and the notice having been filed on July twentieth, eighteen hundred and ninety-two, was filed within thirty days from the completion of said building, and hence filed in proper time. There being no error in the record, it follows that the decree of the court below is affirmed.

AFFIRMED.