Argued April 3; decided April 29, 1895.

## WILLAMETTE LUMBERING CO. *v.* McLEOD.

[40 Pac. 93.]

1. NOTICE OF MECHANICS' LIEN — CONTRACTUAL RELATION BETWEEN OWNER AND CLAIMANT.*— The contractual relations between the claimant and the owner of the property are sufficiently stated in a notice for a lien, by stating that the latter was the owner and caused the building to be erected by a certain person to whom the claimant furnished materials. BEAN, C. J., dissents on the ground that section 3672, Hill's Code, does not require the lien notice to connect the claimant with the property owner.

2. NAME OF OWNER REQUIRED IN LIEN NOTICE — CODE, § 3672.— Notice of a mechanics' lien should state the name of the owner at the time the lien is filed, although when the contract was made for the work such owner had only an equitable interest in the property.

APPEAL from Multnomah: LOYAL B. STEARNS, Judge.

This is a suit brought by the Willamette Steam Mills Lumbering and Manufacturing Company against N. E. McLeod, Lydia Henry, F. E. Beach, and C. A. Plummer to forclose a mechanics' lien upon lot number one, in block number one, of Henry's Addition to Portland, Oregon. Upon the issues being made up by answers and cross-bills and replies thereto, the cause was tried by the court, which found the facts substantially as follows: That about January tenth, eighteen hundred and ninety-three, one Charles K. Henry, being the owner of said lot, entered into a contract with the defendant McLeod, by the terms of which the latter, in consideration of three thousand two hundred and thirty-nine dollars, agreed to furnish the material and erect thereon a dwelling-house;

*On this point see *Rankin* v. *Malarkey*, 23 Or. 593, and *Osborn* v. *Logus*. 23 Or. —, overruling it.— REPORTER.

that on March sixteenth of that year, Charles K. Henry
conveyed to the defendant Lydia Henry the said lot and
the dwelling-house so contracted for, then in process of
construction, and which the defendant McLeod thereafter
completed; that the defendant Lydia Henry received the
said conveyance with knowledge that said house was
being constructed by McLeod under his contract with
Charles K. Henry; that she consented to the continu-
ance of the work, and contracted with McLeod as the
contractor in charge of the building, until the comple-
tion thereof, and was fully aware, and had notice of, from
the beginning, and supervised, the furnishing of mate-
rials and labor for such construction by the plaintiff and
other lien claimants; and that she never posted any no·
tice that she would not be responsible for the cost of said
building or any part thereof; and that a large portion of
said materials were furnished and used in the building
after the said conveyance to her, and it was further
found that the plaintiff, having furnished to the defend-
ant McLeod lumber and material of the value of six hun-
dred and two dollars, to be used and which were used in
the construction of said building, filed its lien to secure
the payment thereof; that the defendant Beach, having
furnished to one Henry Schroeder material of the value
of eighty-three dollars, to be used and which was used in
painting a part of said house under a contract between
said Schroeder and McLeod, filed his lien to secure the
payment thereof; that Fleming and Clark, having en-
tered into a contract with McLeod, furnished material
and performed labor of the value of thirty-five dollars in
painting a part of said house, and, having filed their
notice of lien, assigned their demand and lien to the de-
fendant Beach; that Whittier, Fuller and Company, hav-
ing furnished to the defendant McLeod material and
performed labor of the value of two hundred and sev-

27 OR.— 35.

enty-five dollars to be used and which were used in the construction of said house, and having filed their lien to secure the payment thereof, assigned it and their demand to the defendant Plummer.    The plaintiff's notice of lien states: "That the Willamette Steam Mills Lumbering and Manufacturing Company, a corporation of the City of Portland, in the County of Multnomah, Oregon, has, by virtue of a contract heretofore made with N. E. McLeod, of Multnomah County, Oregon, sold and delivered to said N. E. McLeod lumber and building material to be used and which were used in the erection and completion of a certain building upon the land hereinafter described; the ground upon which said building was erected being at the time the property of Lydia Henry, who caused the said building to be erected by the said N. E. McLeod, her contractor and agent."    The court entered a decree foreclosing the liens, and ordering a sale of the property, from which Lydia Henry appeals.    AFFIRMED.

For appellant there was a brief by Messrs. *Bronaugh, McArthur, Fenton and Bronaugh,* and an oral argument by Mr. *Earl C. Bronaugh, Jr.*

For respondent Willamette Lumbering Company there was a brief by Messrs. *Dolph, Mallory and Simon,* and an oral argument by Mr. *Joseph Simon.*

For respondent Beach there was a brief and an oral argument by Mr. *George G. Gammans.*

For respondent Plummer there was a brief by Messrs. *Flegel and Stanislawsky.*

PER CURIAM.    1.    The counsel for the appellant contends that this notice fails to state the contractual relations existing between the plaintiff and the defendant

Lydia Henry.   The statement that she was the owner of
the property, and caused said building to be erected by
McLeod, to whom the plaintiff furnished the materials,
shows a contractual relation between the parties suffi-
cient to authorize McLeod to bind the property by his
contracts for material furnished or labor performed in
the construction of said building.

The evidence, however, shows that the contract was
entered into between the defendant McLeod and Charles
K. Henry, who was, at the time of its execution, and un-
til March sixteenth, eighteen hundred and ninety-three,
the owner of the property.   It also appears that Mc-
Leod commenced to work on the building about January
tenth, and that while he was putting up the frame the
defendant Lydia Henry ordered a change in the plans
by requiring double sliding doors in one of the parti-
tions, which McLeod made, after consulting with Charles
K. Henry, who told him that the house was for Lydia
Henry, and ordered him to make such changes as she
desired; that she frequently visited the building, sug-
gested changes therein, and supervised its construction.
Charles K. Henry, as a witness for Lydia Henry, testified
that when the contract was entered into he intended to
have the building constructed for himself; that Lydia
Henry had no interest in the property until it was con-
veyed to her; that it was understood between him and
said Lydia that he was to pay for the building, and that
he had paid the whole contract price, except eight hun-
dred and thirty-nine dollars.   From this evidence it is
apparent that Charles K. Henry would in an action at
law be personally liable on the contract for the full value
of the materials furnished and labor performed in the
construction of said building, while the property bene-
fited by the improvement would in equity be also liable
therefor to the extent of its value.   The testimony of Mc-

Leod shows that Lydia Henry was the equitable owner of the property at the time the contract was entered into, and that the house was being constructed for her by Charles K. Henry, as her agent. This testimony is corroborated by other facts and circumstances which lead us to believe it to be true.

2.   It is contended that Charles K. Henry, being the legal owner of said property when the construction of said building was commenced, was the proper person to be named in the notice as the owner thereof, and that the statement that Lydia Henry was the owner renders the lien void.   It is the building which should be charged with the lien, and the notice of such lien should state the name of the owner at the time the lien is filed, either directly or by necessary inference.   Any other interpretation of the statute would require the lien claimant to state the names of all the owners of the property from the time the building was commenced until the lien was filed, in cases where the premises had been conveyed during the construction of the building: *Collins* v. *Snoke,* 9 Wash. 566 (38 Pac. 161); *Edwards* v. *Derrickson,* 34 N. J. Law, 322; *Robins* v. *Bunn,* 34 N. J. Law, 322; *Amidon* v. *Benjamin,* 128 Mass. 534; *Kezartee* v. *Marks,* 15 Or. 529 (16 Pac. 407); *Gordon* v. *Deal,* 23 Or. 153 (31 Pac. 287).   The statement that Lydia Henry caused the building to be erected upon land owned by her is equivalent to saying that she was the owner of the building: *Curtis* v. *Sestanovich,* 26 Or. 107 (37 Pac. 67).

The lien notice of Fleming and Clark, assigned to the defendant Beach, is nearly identical in its statements with that of the plaintiff, except that it avers that Lydia Henry is the owner of the lot and house, and hence it needs no consideration.   The lien of Whittier, Fuller and Company, assigned to the defendant Plummer, states: "That said N. E. McLeod was the agent of Charles

Henry and the said Charles Henry is the reputed owner of said building and of the land upon which it stands, and caused said materials and labor to be used and performed," and the lien of the defendant Beach states: "That during said time Charles Henry was and still is the owner and reputed owner of said lot and of said house, and caused the said house to be constructed." The only question involved in the consideration of these liens is the statement of the ownership of the property sought to be charged therewith at the time they were filed.   The statute (section 3673, Hill's Code,) requires the statement of the name of the owner or reputed owner if known, and these notices having complied with its requirements must be held valid, and the decree will therefore be affirmed.                           AFFIRMED.

MR. CHIEF JUSTICE BEAN, dissenting.

I concur in the result, but not in that portion of the opinion which assumes that a claim of lien must upon its face show the contractual relation between the owner of the building and the party to whom the materials were furnished or for whom the labor was performed.   It is true there is a suggestion to that effect in *Rankin* v. *Malarkey,* 23 Or. 593, (32 Pac. 620,) and *Curtis* v. *Sestanovich,* 26 Or. 107, (37 Pac. 67,) but the question was not directly involved or necessary to a decision of either of these cases, and hence I did not formally dissent at the time. In my opinion the claimant observes the necessary legal requirements when he files in the proper office "a claim containing a true statement of his demand, after deducting all just credits and offsets, with the name of the owner or reputed owner, if known, and also the name of the person by whom he was employed, or to whom he furnished the materials, and also a description of the property to be charged with said lien sufficient for iden-

tification," and to exact of him anything more is imposing a burden not authorized by law. When the statement contains all the facts required by statute to be contained therein, the question as to whether the lien attaches for materials furnished or labor performed for some person whom the statute makes the agent of the owner, as provided in section 3669, or whether it attaches by virtue of section 3672, is a matter of pleadings and proof. The statutes of California and New Mexico are similar to ours in this respect, and I think the view expressed by the courts of those states in *Davies-Henderson Lumber Company* v. *Gottschalk*, 81 Cal. 641, (22 Pac. 860,) and *Post* v. *Miles* (N. M.), 34 Pac. 586, is the better construction of the statute.