Thomson, J.,
delivered the opinion of the court.
This proceeding was instituted to enforce a mechanic’s lien for material furnished in the construction of certain buildings upon land belonging to the defendant Thomas Freeman, pursuant to a contract between him and the plaintiff. A demurrer to the complaint was sustained, and final judgment entered accordingly. The plaintiff appealed.
The complaint contains the lien statement in full, and the reasons for sustaining the demurrer, as set forth in the judgment, are that the statement does not show either the first or last date upon which the plaintiff furnished the material, and gives no data from which it can be ascertained whether or not it was filed for record within the time limited by the statute after the furnishing of the last material. The material was furnished and the statement prepared after the enactment of the lien law of 1889, and the statement was evidently designed to meet its requirements.
It seems, from what counsel for the respective parties say in their arguments, that the lower court had in another case decided that the law of 1889 was unconstitutional, in that the provisions of the constitution were not observed in its passage, and therefore tested the statement in question by the act of 1883, which was held to be in force. In what respect the legislature failed in the passage of the act we are not advised.
Counsel for the defendants says that, at the hearing upon the demurrer, the opposing counsel conceded the unconsti *154 tutionality of the statute of 1889, and intimates that in now taking a contrary position they are guilty of unfairness. It is not competent for counsel to stipulate the unconstitutionality of a law. No reasons have been given why we should hold this invalid, and we must therefore regard it as being in force, and the case at bar governed by it.
There is nothing in the act of 1889, nor, for that matter, in the statute of 1883, requiring a mechanic’s lien statement to show when either the first or the last material was furnished. The statement must contain all that the law requires it to contain, but it need not contain anything more. And there is no reason outside of the statute why the statement should show the time of furnishing any material, first or last. The statement is not even prima fade evidence of the truth of anything which it contains. Every fact necessary in the creation of a lien must be set forth in the complaint, and if put in issue, proved at the trial, whether it appears in the lien statement or not. Cooke v. Rome Brick Co., 98 Ala. 409; Pool v. Wedemeyer, 56 Tex. 287; Curtis v. Sestanovich, 26 Ore. 107. In this complaint all the required facts are fully set forth, and the statement is, in form, an exact compliance with the law of 1889, and is sufficient under that of 1883.
The judgment will be reversed.

Reversed.