Decided 17 July, 1906.

**BARTON v. ROSE.**

85 Pac. 1009.

SUFFICIENCY OF NOTICE OF MECHANIC'S LIEN.

Under Section 5644, B. & C. Comp., a notice of mechanic's lien must show on its face that the claimant either furnished material or performed labor which was used in the building under construction.

For instance: A claim reciting that "T. has by virtue of a contract with R. in the erection, material furnished and labor of a certain dwelling house," etc., is ineffectual for any purpose because there is no verb showing that anything was done.

From Malheur: GEORGE E. DAVIS, Judge.

Suit to enforce an alleged mechanic's lien by T. A. Barton against W. W. Rose and wife, resulting in a decree for defendants. Hence this appeal.                          AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. George Wesley Hayes.*

For respondents there was a brief over the name of *McCulloch & Callahan,* with an oral argument by *Mr. J. A. Callahan.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is a suit to foreclose a mechanic's lien. The portion of the claim of lien material on this appeal is as follows:

"Know all men by these presents, that T. A. Barton, of Vale, in the County of Malheur, has by virtue of a contract heretofore made with W. W. Rose, of the County of Malheur, in the erection, material furnished and labor of a certain dwelling house, the ground upon which said dwelling house was built and erected being at the time the property of Mattie Rose, wife of W. W. Rose, who caused the said dwelling house to be erected and built, said dwelling house and land being known and particularly described as follows:"

This notice is insufficient within the rule announced in *Rankin* v. *Malarkey,* 23 Or. 593 (32 Pac. 620, 34 Pac. 816); and *Dillon* v. *Hart,* 25 Or. 49 (34 Pac. 817). It does not state, either directly or by necessary inference, to whom the plaintiff furnished the material or labor for which he seeks a lien, or, indeed, that he furnished any labor or material used in the building sought to be impressed with the lien. It is essential to the validity of a mechanic's lien under our statute (B. & C.

Comp. § 5644) that the claim as filed contain a statement of the name of the person to whom the claimant furnished the materials or for whom he performed labor, and, however liberal the court may be in the construction of the mechanic's lien law, it cannot change the language used in the lien claim by eliminating or substituting words or supplying omissions therein. The decree is affirmed.        AFFIRMED.

<div align="center">

Decided 24 July, 1906.