Argued December 18, 1895; decided February 3, 1896.

## LEICK *v.* BEERS.

[43 Pac. 658.]

28 483
30 577

1. NOTICE OF MECHANICS' LIEN — CODE, § 3673.— A claim for a mechanics' lien reciting that claimant "have, by virtue of a contract heretofore made with B., * * * in the furnishing sketches, plans, * * * and superintendence of a certain dwelling-house. The ground on which said dwelling house was constructed being at the time the property of said B., who caused said house to be constructed,"— is insufficient, for failure to state the person to whom the services were rendered, as required by the Code: *Dillon* v. *Hart*, 25 Or. 49, approved and followed.

2. COSTS — DISCRETION OF COURT.— It is within the discretion of the trial court under Hill's Code, § 543, to refuse costs to either party in a suit in equity: *Lovejoy* v. *Chapman*, 23 Or. 571; *Cole* v. *Logan*, 24 Or. 305, approved and followed.

This is a suit to foreclose a mechanics' lien for the services of plaintiff as architect in the construction of a dwelling-house. The plaintiff was employed by and rendered the services to Mr. and Mrs. C. W. Beers, but the building was erected upon land owned by the investment company for which Mrs. Beers had a bond for a deed. Mr. Beers had no interest in the building or real estate upon which it was erected other than as husband of the obligee in the bond from the investment company, but he signed the contract for the erection of the building, and acted in reference thereto as if he was the owner, and the referee and court below found that he was the reputed owner thereof.

The lien claim as filed, so far as material to any question presented on this appeal, is as follows: "Know all men by these presents, that C. W. Leick, of the City of Portland, in the County of Multnomah, Oregon, have, by virtue of a contract heretofore made with C. W. Beers, of the County of Multnomah, Oregon, in the furnishing sketches, plans, specifications, details, contract, and superintendence as architect in the construction of a certain dwelling-house. The ground upon which said dwelling-house was constructed being at the time the property of said C. W. Beers, who caused the said house to be constructed, said dwelling-house and land being known and particularly described as follows," etc. There was a decree for defendants, and plaintiff appeals.

AFFIRMED.

For appellant there was an oral argument by *Mr. John H. Woodward.*

For respondent there was an oral argument by *Mr. George H. Williams.*

Opinion by MR. CHIEF JUSTICE BEAN.

1. The court below held the lien insufficient because it states that C. W. Beers was the owner of the property and not the reputed owner thereof, and there is respectable authority to support the ruling: *McElwee* v. *Sandford,* 53 How. Pr. 89; *Malter* v. *Falcon Mining Company,* 2 Pac. 50. But it is unnecessary for us to place our decision upon that ground as the lien is clearly insufficient within *Rankin* v. *Malarkey,* 23 Or. 593, (32 Pac. 620, 34 Pac. 816,) and *Dillon* v. *Hart,* 25 Or. 49 (34 Pac. 817).

2. The refusal of a trial court to allow costs to either party in a suit in equity will not be reviewed here except in case of an abuse of discretion which is not shown in this case: Code, § 543; *Lovejoy* v. *Chapman*, 23 Or. 571 (32 Pac. 687); *Cole* v. *Logan*, 24 Or. 305 (33 Pac. 568). The decree of the court below is affirmed. AFFIRMED.

Decided December 2, 1895; rehearing denied.