Argued February 24, decided April 27, 1909.

## BOHN v. WILSON.

[101 Pac. 202.]

MECHANIC'S LIENS—COMPLAINT—REQUISITES.

1. In a suit to foreclose a mechanic's lien, the complaint should show that a claim, in proper form, verified as required by law, and containing all the essential requirements of the statute, was filed in the proper office.

MECHANIC'S LIENS—FORECLOSURE—COMPLAINT—SUFFICIENCY.

2. An averment, in a complaint to foreclose a mechanic's lien, that plaintiff filed "his verified claim" substantially alleged that the claim was verified by himself, or at least was sufficient after answer to admit in proof the claim as actually filed, if so verified.

MECHANIC'S LIENS—FORECLOSURE—COMPLAINT—SUFFICIENCY.

3. A complaint to foreclose a mechanic's lien, alleging that the lien claim filed showed that defendant was the owner of certain land; that a builder

contracted to construct two dwellings thereon; that between certain dates plaintiff sold and delivered to the owner, through the contractor, building materials of certain value, to be used, and which were used, in such dwellings; that thereafter the builder abandoned the contract, and between certain other dates plaintiff sold and delivered to the owner materials of specified value, which were used in completing the buildings—sufficiently shows, after answer, that defendant was the owner, or reputed owner, of the buildings sought to be charged.

PLEADING—DEFECTS—WAIVER—FAILURE TO DEMUR.

4. If a complaint to foreclose a mechanic's lien was defective, as improperly joining a suit for materials furnished to a contractor with a suit for materials furnished the owner, the defect was waived by failure to demur on that ground, under Section 72, B. & C. Comp., providing that, if no objection is taken by demurrer or answer to a complaint, defendant will be deemed to have waived the same, excepting, etc.

MECHANIC'S LIENS—LIABILITY OF OWNER TO MATERIALMAN—PAYMENT TO PRINCIPAL CONTRACTOR.

5. In a suit to enforce a lien for building materials furnished a contractor, the owner cannot rely on a check delivered by him to the contractor on his promise to apply it to the payment of materials, where the contractor had it credited to another account, and the materialman did not at that time know that the materials had been used in the owner's building.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

This is a suit by W. G. Bohn, doing business under the name of Mt. Scott Lumber Co., against W. E. Wilson and T. S. Lee, to foreclose a mechanic's lien. From a decree rendered in favor of plaintiff, defendant Wilson appeals.

Statement by MR. JUSTICE BEAN.

This is a suit to foreclose a mechanic's lien. The substantial averments of the complaint are that defendant Wilson is the owner of certain described real estate in Portland; that about the 1st of November, 1906, he entered into a contract with T. S. Lee, by the terms of which Lee undertook to furnish the necessary materials and construct for him two dwelling houses on such property; that between the 5th of November, 1906, and the 12th of December, 1906, plaintiff sold and delivered to Lee building materials, to be used, and which were used, by him in the construction of such dwelling houses for defendant Wilson, of the reasonable value of $858.44; that Lee subsequently abandoned his contract and thereafter, between the 13th day of December, 1906, and the

20th day of the same month, plaintiff sold and delivered to Wilson building materials, which were used by him in the completion of the two dwelling houses referred to, of the reasonable value of $161.13; that no part of the materials furnished to Lee and Wilson has been paid, except the sum of $869.57, and there is now due and owing thereon the sum of $150, over and above all legal claims and offsets; that on about the 19th of January, 1907, and within 30 days after plaintiff had ceased to furnish the materials, he filed in the office of the county clerk of Multnomah County "his certain verified claim," showing that defendant Lee was the agent and contractor of defendant Wilson for the construction of two dwelling houses upon the land described in the complaint; that plaintiff sold and delivered to Wilson, through Lee, goods, wares, and merchandise, and building materials of the reasonable value of $858.44, to be used by Lee in the construction of such houses, which materials were delivered upon the premises between the 5th of November and the 12th of December, 1906; that after such materials were furnished to Lee, he abandoned his contract, and thereafter, between the 13th day of December and the 30th of December, plaintiff sold and delivered to Wilson building materials, which were used by him in the construction of the dwelling houses and to complete the same, of the reasonable value of $161.13; that such verified claim contains a correct statement of the account and demand against defendant for materials so furnished, after deducting all just claims and offsets, and a description of the property to be charged with the lien therefor; and that Wilson was the owner, or the reputed owner, of the same.

A demurrer to the complaint, because it did not state facts sufficient to constitute a cause of suit, was overruled, and defendant answered, denying the averments concerning the nature and character of the lien notice filed, and pleading payment for all materials furnished or used

in the buildings. The cause was tried on the testimony, and a decree rendered in favor of plaintiff, from which defendant Wilson appeals.                    AFFIRMED.

For appellants there was a brief with oral arguments by *Mr. Oglesby Young,* and *Mr. Andrew T. Lewis.*

For respondent there was a brief and an oral argument by *Mr. J. F. Boothe.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. It is argued that the complaint does not state a cause of suit, because it does not show that the lien claim as filed by plaintiff was verified by "the oath of himself or of some other person having knowledge of the facts," as required by Section 5644, B. & C. Comp., or that Wilson was the owner, or reputed owner, of the buildings sought to be charged with the lien. In a suit to foreclose a mechanic's lien it should appear from the complaint that a claim, in proper form, verified as required by law, and containing all the essential requirements of the statute, was filed in the proper office. *Pilz v. Killingsworth,* 20 Or. 432 (26 Pac. 305); *Matthiesen v. Arata,* 32 Or. 342 (50 Pac. 1015: 67 Am. St. Rep. 535). This in our opinion was done in this case.

2. The averment in reference to the verification is that plaintiff filed "his verified claim," which, in substance, is an allegation that it was verified by himself, or at least is sufficient after answer to admit in proof the claim as actually filed, if so verified.

3. The substance of the averment, concerning the contents of the lien respecting the ownership of the building, is that it shows that Wilson is the owner of certain real property; that he contracted with Lee to furnish the necessary materials and construct two dwelling houses thereon; that between certain dates plaintiff sold and delivered to Wilson, through Lee, building materials of a certain value, to be used in, and which were used in, such dwellings; that thereafter Lee abandoned his con-

tract, and between certain other dates plaintiff sold and delivered to Wilson building materials of a certain value, which were used by him in the further completion of two dwelling houses upon the described premises. While there is no direct allegation that the lien notice contained a statement that Wilson was the owner of the buildings constructed on his premises, such is the only fair inference that can be drawn from the facts pleaded. Whether the facts as alleged in the complaint would be sufficient to satisfy the statute, if stated in a lien claim, it is not necessary to decide. We are only dealing with the complaint, and it is sufficient after answer.

4. It is next claimed that two causes of suit have been improperly united—one for materials furnished to Lee, and the other for those furnished to Wilson. This defect, if it is one, appears on the face of the complaint, and was waived by failure to demur on that ground. Section 72, B. & C. Comp.; *Owings* v. *Turner*, 48 Or. 462 (87 Pac. 160).

5. And, finally, it is contended that the amount ·for which the lien is claimed was paid by defendant to plaintiff in October, 1906. The facts concerning the alleged payment are as follows: The defendant Wilson entered into a contract with Lee for the construction of two dwelling houses upon property belonging to him, at Nineteenth and Belmont streets. Lee purchased a part of the materials from plaintiff, but plaintiff did not know, at the time, or for a long time thereafter, the name of the owner of the buildings in which the materials were to be used, but charged the account on his books to Lee, with a memorandum of the place where it was delivered, as was his custom. Lee was also engaged in the construction of a building on Forty-Third street, at the same time, and purchased his materials from plaintiff. After a portion of the materials which Lee ordered for Wilson's house had been delivered and used in the building, Wilson gave Lee a check for $150, payable to himself, as a part

payment on the contract for the buildings, with the under-standing—between himself and Lee—that Lee was to deliver it to plaintiff to apply on the payment of the materials. This check was indorsed by Lee, placed in an envelope, and mailed to plaintiff. About the time it was received by plaintiff Lee appeared at his office, and, without advising plaintiff of the person from whom he received the check, or his understanding with Wilson, or that the check was received from the owner of any building which he (Lee) was engaged in constructing, and for which he had purchased materials of plaintiff, directing plaintiff to credit it on the materials furnished for the Forty-Third street house, which was done accordingly, without any knowledge on plaintiff's part that Lee had purchased from him materials for the house belonging to Wilson, or that the check was from the owner of any building for which he had furnished materials. Under these circumstances Wilson is not entitled to a credit in this suit for the amount of such check. It was the property of Lee, given to him as a payment upon his contract for the construction of the buildings for Wilson. It was not intended to be in payment of an account due from Wilson to plaintiff, nor was Lee the agent of Wilson to deliver the check to plaintiff. Wilson was not indebted to plaintiff in any sum whatever. He had at that time purchased no materials from plaintiff, and was under no personal obligation to pay him for that purchased by Lee. His contract obligation was to Lee alone, and it was in payment of this obligation that the check was given. Lee could legally use it in payment of any claim which plaintiff had against him, unless, perhaps, plaintiff knew it was intended to be applied as a part payment of materials purchased by him for use in Wilson's house. There is no doubt from the testimony that Wilson was deceived by Lee, but the loss must fall upon him, and not the plaintiff.

The decree is affirmed.                    AFFIRMED.