Argued June 13, reversed June 20, 1916.

## PEERLESS PACIFIC CO. *v.* ROGERS.

(158 Pac. 271.)

**Mechanics' Liens—Implied Consent of Owner.**

1. Under Section 7416, L. O. L., providing that any person furnishing material shall be held to be the agent of the owner for the purposes of the act, that the goods were furnished at the instance of a clerk of the contractor, the contractor knowing nothing of the transaction, will not defeat the lien.

**Mechanics' Liens—Reliance on Credit of Building—Election.**

2. A materialman is not required to elect between his lien on the property and the contractor's personal liability, and reliance on one does not impair the other.

**Mechanics' Liens—Reliance on Credit of Building—Presumption.**

3. Where a complainant has complied with the provisions of the lien law and has done nothing to exclude the idea, it is presumed the credit of the building was relied on.

**Mechanics' Liens—Furnishing Direct to Building.**

4. It is not essential to a mechanics' lien that the material be furnished or delivered direct to the improvement, if, in fact, the

materials were delivered for use in the building and were used in its construction.

[As to mechanic's lien on realty for improvements made with consent but not at expense of owner, see note in Ann. Cas. 1916C, 1133.]

From Marion: WILLIAM GALLOWAY, Judge.

In Banc.    Statement by MR. JUSTICE BEAN.

On October 7, 1915, the Peerless Pacific Company, plaintiff herein, filed a mechanic's lien in the office of the county clerk of Marion County, Oregon, in the sum of $149.67, against W. H. Rogers, a contractor, and R. R. Ryan and Lizzie P. Ryan, the owners of property known as the "Ryan Markets" in the City of Salem. A suit was filed to foreclose this lien.    The complaint is in the usual form.

The answer of the defendants R. R. Ryan and Lizzie P. Ryan consists of a general denial.    The cause was tried, and the Circuit Court found in favor of defendants R. R. Ryan and Lizzie P. Ryan, and that the plaintiff was not entitled to a lien, as we understand the record, for the reason that the materials which were used by the contractor Rogers in the defendants' building were sold to him as a retail dealer upon his individual credit, and not to be used in the building. Plaintiff appeals.                    REVERSED.

For appellant there was a brief over the names of *Mr. Arthur H. Lewis* and *Mr. Howard Bennett,* with an oral argument by *Mr. Lewis.*

For respondent there was a brief over the name of *Messrs. McInturff & McInturff,* with an oral argument by *Mr. Herman F. McInturff.*

MR. JUSTICE BEAN delivered the opinion of the court.

1, 2. The question is principally one of fact. Mr. R. W. Nelson, the cashier and creditman for the plaintiff company, testified that Rogers purchased the material set forth in the lien to be used in the Ryan Markets, and that it was shipped with that understanding; that it was shipped between April 16, 1914, and June 27th of that year; and that the company would not extend credit to Mr. Rogers, the contractor, except in cases where he had contracts in order that he might complete them. His testimony is practically uncontradicted, save that the materials sent in April are claimed to have been shipped before Rogers and Ryan made the contract for the work. Mr. Rogers' clerk testified that he thought the contract was made about the 1st of May. It appears that he was not present when it was made, and Mr. Ryan, relying wholly upon memory, several months afterward endeavored to fix the date, which was not a material matter. The evidence by a great preponderance shows that the materials for which a lien is claimed by plaintiff were furnished to the contractor Rogers to be used, and were used, in the Ryans' building. All the material that was of such a nature that it could be was identified after the plumbing was installed. It appears that Rogers did have a shop where he kept a stock of plumbing supplies, but the evidence that plaintiff furnished the materials claimed is not refuted. Section 7416, L. O. L., provides that any person furnishing material to be used in the construction of any building shall have a lien upon the same for the material furnished at the instance of the owner of the building or his agent; and every contractor or person having charge of the construction, in whole or in part, of any build-

ing shall be held to be the agent of the owner for the purposes of this act. It is no doubt true that Mr. Rogers knew nothing about the plaintiff furnishing the material. This, however, would not change the matter. Mr. Rogers' clerk states that he took some of the materials used from the stock to the building, but he did not know when they were purchased by him. The fact that the materials purchased by Rogers from the plaintiff, as sworn to by the latter's agent, were placed in Rogers' shop would in no way defeat the lien. It is not important that the company charge the contractor personally with the debt. The claimant is entitled to both securities, the contractor's personal liability, and a lien on the property, and its reliance on the one did not impair its right to rely on the other. Plaintiff was not required to elect between the two as long as its debt or any part of it remained unpaid: *Bassett* v. *Bertorelli,* 92 Tenn. 548, 550 (22 S. W. 423).

. 3. When a claimant has complied with the provisions of the lien law and has done nothing to exclude the idea, it is presumed that the credit of the building was relied upon: *Green* v. *Thompson,* 172 Pa. 609 (33 Atl. 702); *Eufaula Water Co.* v. *Addyston Pipe & Steel Co.,* 89 Ala. 552 (8 South. 25).

4. It is not essential that the material be furnished or delivered direct to the improvement, if, in fact, the materials were delivered for use in the building and were used in its construction: *Hume* v. *Seattle Dock Co.,* 68 Or. 477 (137 Pac. 752, 50 L. R. A. (N. S.) 153). There is no pretense or suspicion in the case at bar that the materials for the plumbing in question were obtained elsewhere, or that those contracted for were not used in the building: See *Allen* v. *Elwert,* 29 Or.

428, 435 (44 Pac. 823, 48 Pac. 54); *Wills* v. *Zanello,*
59 Or. 291, 295, 296 (117 Pac. 291).

The decree of the lower court will therefore be re-
versed, and one entered here in favor of plaintiff as
prayed for in its complaint, with $50 as attorneys' fees.

Reversed.

Mr. Justice Burnett and Mr. Justice Eakin not
sitting.

---

'Argued May 23, reversed June 20, 1916.