Submitted on briefs March 24, affirmed June 30, 1925.

## V. W. McCORMACK v. A. BERTSCHINGER.

### (237 Pac. 363.)

**Mechanics' Liens—Lien for Labor and Materials not Invalid Because Only Stating Balance Due, Where It Contained a True Statement of Plaintiff's Demand at Time It was Filed.**

1. Lien for labor and materials, furnished in construction of a dwelling, *held* not invalid because reciting a balance only after an amount had been .paid thereon, in view of Section 10195, Or. L., where it contained a true statement of plaintiff's demand at time it was filed.

**Mechanics' Liens—Substantial Compliance With Statute Sufficient for Validity of Lien.**

2. A substantial compliance with requirements of statute is all that is requisite to validity of a mechanic's lien.

**Mechanics' Liens—Lien for Amount of Lienable Items may be Enforced, Where Lienable Charges can be Segregated and Amount .Thereof Determined Without Extrinsic Evidence.**

3. An account containing a lumping charge, in which is mingled an item for which no lien is given, will not support a lien, and defect cannot be cured by oral evidence, by means of which items for which a lien is given may be separated from those for which a lien is not given, but where, from notice of lien itself, lienable charges can be segregated and amount thereof determined without aid of extrinsic evidence, a lien for amount of lienable items may be enforced.

**Mechanics' Liens—Lien for Labor for Structures not Invalidated Because Amount Claimed in a Lump Sum—"Structure."**

4. Garage, driveway, walks and retaining walls *held* "structures" under rule of *noscitur a sociis* within Section 10191, Or. L., providing for liens of certain persons furnishing labor or materials on any

---

1. See 18 R. C. L. 938.
2. See 18 R. C. L. 926.
3. Effect of filing mechanic's lien for more than is due, see note in Ann. Cas. 1914D, 878. See, also, 18 R. C. L. 942.
4. Meaning of term "building" within mechanic's lien statute, see note in Ann. Cas. 1912B, 7. See, also, 18 R. C. L. 893.

"structure," and hence lien for labor and materials furnished in such structures was not invalid because amount for which lien was claimed was in a lump sum.

**Mechanics' Liens—Single Lien for Labor and Materials Furnished in Construction of Dwelling Could be Maintained, Though Furnished Under Different Contracts.**

5.    Single lien for labor and materials furnished in construction of a dwelling could be maintained, in view of Section 10191, Or. L., though labor and materials were furnished partly under a contract with owner and partly under a contract with original contractor.

**Parties—Objection to Defect of Parties if not Taken by Answer is Waived.**

6.    Objection to defect of parties, not appearing on face of complaint, is waived, if not taken by answer, in view of Section 72, Or. L.

**Mechanics' Liens—Lien not Invalidated by Plaintiff's Failure to File a Separate Notice of Lien on Each "Building or Other Improvement" for Value of Work on Each.**

7.    Where plaintiff's lien recited that he claimed a mechanic's lien on a residence and land on which same was located, describing it, it was notice that plaintiff claimed a lien on all of structures on which he had furnished labor or services and which were appurtenant to such residence, and on all or so much of lot as might be required for convenient use or occupation thereof, in view of Section 10203, Or. L., and was not invalidated by plaintiff's failure to file a separate notice of lien on each structure for value of what he had done on each; the words "building or other improvement" in the statute, including, not only the dwelling-house, but also the garage, driveway, walks and retaining wall.

**Mechanics' Liens—Owner may Recoup Damages Arising from Failure to Perform Contract Properly.**

8.    Owner may recoup, as against a mechanic's lien, damages arising from failure to perform the contract properly.

**Mechanics' Liens—Decree Foreclosing Mechanic's Lien Held Invalid to Extent of Awarding Personal Judgment Against Defendant for Amount Claimed.**

9.    Decree foreclosing mechanic's lien, and directing sale of property in satisfaction of amount due, and awarding personal judgment against defendant for that amount, *held* invalid to extent of personal judgment against defendant.

---

See (1) 27 **Cyc.** 186.    (2) 27 **Cyc.** 152.    (3) 27 **Cyc.** 204, 205.    (4) 27 **Cyc.** 192; 36 **Cyc.** 1118.    (5) 27 **Cyc.** 126.    (6) 31 **C. J.** 738.    (7) 27 **Cyc.** 40, 127.    (8) 27 **Cyc.** 333.    (9) 27 **Cyc.** 433.

5.    See 18 **R. C. L.** 895.
6.    See 20 **R. C. L.** 712.
7.    Buildings and other property subject to mechanics' liens, see note in 78 **Am. Dec.** 694.
8.    See 18 **R. C. L.** 981.
9.    See 18 **R. C. L.** 991.

From Multnomah: ROBERT G. MORROW, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the name of *Mr. J. N. Hart.*

For respondent there was a brief over the name of *Mr. William G. Smith.*

RAND, J.—Defendant, the owner of Lot 9 of Block 76, in the Laurelhurst addition to the City of Portland, appeals from a decree foreclosing a lien on said lot for labor and material furnished in the construction of a dwelling-house, garage, driveway, certain walks connecting with the house, and a retaining wall, all on said lot. He received in part payment the sum of $250 and claimed a lien for the balance remaining after deducting the amount of said payment. Plaintiff constructed the retaining wall at the special instance and request of the owner. The remainder of the labor and material was furnished at the instance of the original contractor who had contracted with the owner to furnish the same. Since all of the labor and material for which the lien is claimed was either contracted to be furnished by the original contractor in his contract with the owner, or was contracted for by the owner himself in his contract with the lienor, the principle that the original contractor is only authorized to bind the owner's property with a lien for such labor and material as the owner has authorized him to contract for is not involved.

1. Defendant's first contention is that for the lien to be valid it was necessary for it to state the ag-

gregate amount of all the labor and material which plaintiff had furnished and the amount that had been paid thereon, and that a lien which recites a balance only is invalid and unenforceable. Section 10195, Or. L., requires a lien claimant to file "a claim containing a true statement of his demand after deducting all just credits and offsets." Plaintiff's claim of lien was filed after said payment had been made and contained a true statement of plaintiff's demand at the time it was filed. It literally complied with the requirements of the statute.

2. A substantial compliance with the requirements of the statute is all that is requisite to the validity of a mechanic's lien: *Rankin* v. *Malarkey*, 23 Or. 593, 597 (32 Pac. 620, 34 Pac. 816); *Christman* v. *Salway*, 103 Or. 666, 685 (205 Pac. 541).

The complaint sets forth *in haec verba* the notice of lien, and, amongst other things, alleges that the labor and material were furnished in "the construction, alteration and repair of a certain building, sidewalk, outhouses, and driveway used in connection therewith," and "that said building is a residence and is located upon Lot 9 of Block 76, in Laurelhurst addition to the city of Portland." No demurrer or motion was interposed to the complaint. At the trial the evidence disclosed that the labor and material for which the lien was claimed were furnished for and used indiscriminately in the construction of a dwelling-house, garage, driveway, walks connecting with the house, and a retaining wall, all of which were on said Lot 9.

The charges for which the lien is claimed are not itemized in the notice of lien. The only statement of account in the lien is a notation which reads as follows: "To labor and material, being concrete work

on residence located on Lot 9, Block 76, Laurelhurst, $586.40.''

Defendant contends that the labor and material which were furnished in the construction of the garage, driveway, walks and retaining wall, and not in the construction of the house itself, were not lienable, and that because the amount for which the lien is claimed in a lump sum and there is no way in which it can be ascertained from anything contained in the lien how much of this lump sum was chargeable for the lienable labor and material furnished in the construction of the house, the whole lien must fail.

3. It is settled law in this state that ''an account containing a lumping charge in which is mingled an item for which no lien is given will not support a lien; and the defect cannot be cured by oral evidence by means of which the items for which a lien is given may be separated from those for which a lien is not given.'' See *Christman* v. *Salway*, 103 Or. 666, 672 (205 Pac. 541); *Stewart* v. *Spalding*, 71 Or. 310 (141 Pac. 1127), and authorities cited. But where, from the notice of the lien itself, the lienable charges can be segregated and the amount thereof determined without the aid of extrinsic evidence, a lien for the amount of the lienable items may be enforced: *Kezartee* v. *Marks*, 15 Or. 529 (16 Pac. 412); *Harrisburg Lumber Co.* v. *Washburn*, 29 Or. 164 (44 Pac. 390); *Hughes* v. *Lansing*, 34 Or. 124 (55 Pac. 97, 75 Am. St. Rep. 574); *Stewart* v. *Spalding, supra; Christman* v. *Salway, supra.*

4. That the statute does give the right to a lien for labor performed or material furnished in the construction of each and all of the structures upon which plaintiff claims to have performed labor and

furnished material, is clear, for Section 10191, Or. L., provides that "every * * builder, contractor, lumber merchant, laborer * * and other persons performing labor upon or furnishing material, or transporting or hauling any material of any kind to be used in the construction, alteration or repair * * of any building * * or any structure or superstructure * * shall have a lien upon the same for the work or labor done or transportation or material furnished at the instance of the owner of the building or other improvement, or his agent"; etc.

The garage was a building, and, as such, is specifically enumerated in the statute. The driveway, walks connecting with the house, and the retaining wall, are all structures or superstructures within the meaning of those terms as used in the statute. The meaning of a word may be ascertained by reference to the meaning of the words associated with it under the rule of *noscitur a sociis*. By an application of this rule it was held by Judge Deady in *Giant Powder Co.* v. *Oregon Pacific Ry. Co.*, 42 Fed. 470 (8 L. R. A. 700), that a railroad was a structure within the meaning of the word "structure" as used in the lien statute of this state as it then existed. In *Forbes* v. *Willamette Falls Electric Co.*, 19 Or. 61 (23 Pac. 670, 20 Am. St. Rep. 793), it was held that poles set in the ground and connected together by wire in the usual way for transmission of electric current constituted a structure. See, also, the definition of the term "structure" as given in Words and Phrases and Bouvier's Law Dictionary.

Hence, it is clear that the garage, driveway, walks, and retaining wall are structures within the meaning of the statute, and that a person who performed labor or furnished material for use in their construction is entitled, under the statute, to maintain a lien there-

for, and from this it follows that if a single lien can be maintained for all of said labor and material, no nonlienable items were included in the lump sum for which the lien was claimed.

5. In deciding whether a single lien can be maintained against the house and the lot to which all of these structures are permanently attached, for labor and material furnished and used indiscriminately in the construction of these different structures on Lot 9, and upon which no separate account was kept and for which the entire charge is a lump sum, we are confronted with two objections, both of which, it is contended, are fatal to the validity of the lien. First, that the labor and the material were not all furnished under one contract, but were, in fact, furnished partly under a contract with the owner and partly under a contract with the original contractor; and, second, that separate notices of lien should have been filed against the house, the garage, the walks, and the retaining wall, for whatever labor and material were furnished in the construction of each of them.

The first objection is foreclosed, both by the statute and the former decisions of this court. The words of the statute are "shall have a lien upon the same for the work or labor done or transportation or material furnished at the instance of the owner of the building, or other improvement, or his agent; and every contractor, subcontractor, architect, builder, or other person having charge of the construction, alteration or repair, in whole or in part, of any building or other improvement as aforesaid, shall be held to be the agent of the owner for the purpose of this act."

This statute expressly authorizes the filing of a notice of lien for labor or material furnished to be used in the construction of any building or structure,

whether furnished at the instance of the owner or his agent. If it was done at the instance of either or both, the statute gives a lien, and provides for but one lien whether done at the instance of one or of both. There is nothing in the statute which, in any way, indicates an intention of requiring two liens to be filed for labor and material which were furnished partly at the instance of the owner and partly at the instance of his contractor if used in the construction, alteration or repair of the same building or improvement.

In *Bohn* v. *Wilson,* 53 Or. 490, 494 (101 Pac. 202), a suit to foreclose a mechanic's lien, the plaintiff had furnished material which had been used in the construction of two dwelling-houses on certain real property belonging to the defendant Wilson, a part of which had been furnished at the instance of Lee, a contractor of Wilson, and a part at the instance of Wilson. Lee abandoned the contract and Wilson took over and completed the construction of the two dwelling-houses, and, while thus engaged, at his request, plaintiff furnished him other material with which to complete the two houses. There was but one notice of lien filed and it claimed a lien for all of the material furnished to both Wilson and Lee. Plaintiff had decree in the Circuit Court and, upon appeal, the decree was affirmed. In disposing of the objection now under consideration the court said: "It is next claimed that two causes of suit have been improperly united—one for materials furnished to Lee, and the other for those furnished to Wilson." This defect, if it is one, appears on the face of the complaint and was waived by a failure to demur on that ground: Section 72, B. & C. Comp.; *Owings* v. *Turner,* 48 Or. 462 (87 Pac. 160).

115 Or.—17

The same objection was urged in *Christman* v. *Salway, supra.* In that case the plaintiff claimed a lien for labor and material furnished,. both to the owner and to the contractor of the owner. In that case this court said:

"Christman not only furnished and installed the plumbing under his subcontract with Niner, but he installed a sump-trap under a contract with the owner. His claim of lien contains the charge of $20 for the sump-trap, in addition to his charge for labor in installing the plumbing. Because the claim contains two items of charge, one arising upon contract with the owner and the other upon contract with the subcontractor, it is urged the lien is unenforceable. No authority is cited in support of this contention, or reason advanced, although there is a line of authorities that seem to support it: See 2 Jones on Liens, § 1597, and authorities there cited. The statute gives a lien for both the work done under subcontract and for the work done and material furnished under his original contract, and it is presumed that both were furnished upon the credit of the building: *Peerless Pacific Co.* v. *Rogers,* 81 Or. 51, 54 (158 Pac. 271); both were performed upon the same building, and both are chargeable against the property of the same owner."

6. It is true that if there was a defect of parties in this suit it does not appear upon the face of the complaint, and so could not upon that particular ground have been demurred to. But, if there was a defect of parties, and it did not appear upon the face of the complaint, the objection should have been taken by answer, and, not having been so taken, was waived: Section 72, Or. L., and *Owings* v. *Turner, supra.*

7. Defendant's second contention, that in order for plaintiff to preserve fully his right, it was necessary for him to file a separate notice of lien upon each structure for the value of what he had done upon

each, cannot be maintained without overruling: *Bohn* v. *Wilson,* 53 Or. 490 (101 Pac. 202), and *Willamette Mills Co.* v. *Shea,* 24 Or. 40, 47 (32 Pac. 759). In the first case, a single lien was enforced for labor performed upon two separate dwelling-houses erected on the same lot. In the latter case, this court, through Mr. Justice Lord, said:

"A single lien upon separate buildings is allowed when they are erected for any common purpose or connected use, as in the case of barns, stables, and other outhouses used in connection with, and within the curtilage of a dwelling, or where the buildings have been erected for some general and connected use.

The statute does not contemplate the filing of separate notices of lien upon each structure where they comprise a part of one and the same improvement, are erected by the owner at one and the same time, and upon one and the same property. The lien given by the statute is upon the "building or other improvement," "together with a convenient space about the same or so much as may be required for the convenient use and occupation thereof."

"The words, 'building or other improvement,' wherever the same are used in this act, shall be held to include and apply to any wharf, bridge, ditch, flume, tunnel, fence, machinery, aqueduct to create hydraulic power, or for mining or other purposes, and all other structures and superstructures whenever the same can be made applicable thereto; and the words 'construction, alteration, or repair' whenever the same are used therein, shall be held to include partial construction, and all repairs done in and upon any building or other improvement." Section 10203, Or. L.

Under the very definition of the statute, the language of the lien,—

"the undersigned * * hereby claims a mechanic's lien upon that certain building or improvement known as a residence and the land upon which the same is located, * * lot 9, block 76, Laurelhurst,"

was notice of the fact that plaintiff claimed a lien upon all of the structures, upon which he had furnished labor or services, and which were appurtenant to the dwelling-house on lot 9, and on all or so much of the lot "as may be required for the convenient use and occupation thereof."

The definition given by the statute makes the "building or other improvement" include and embrace, not only the dwelling-house, but also, the garage, driveway, walks and retaining wall since they were a part of the improvement against which the lien was claimed and were all necessary for the convenient use and occupation of the house.

It is contended that what we have said is in conflict with *Kezartee* v. *Marks, supra,* and *Harrisburg Lumber Co.* v. *Washburn, supra.* In the former case, it was held that a claim for material, used in the construction of a fence, could not be united in one notice of lien with the claim for material used in the construction of the building. The language of the court in that case is that the lien claimant—

"had a lien upon the fence for the materials furnished and used in the construction, and he had another lien upon the house for the materials used in its repair and construction; but he had no lien upon the fence for materials used in the house, nor upon the house for materials used in the fence.

In commenting upon this case, Mr. Justice Lord, in *Willamette Mills Co.* v. *Shea,* said:

"(1) It does not there appear that the materials were furnished under one entire contract, or even under one contract; (2) nor that there was anything

in common between the house and fence, except that they were on the same donation land claim.''

In *Harrisburg Lumber Co.* v. *Washburn, supra,* it was held that a claim for lien for material used in the construction of a sidewalk around a lot on which the building [a church] was located could not be united on one lien with a claim for material used in the construction of the building. It is clear that a sidewalk on the outside of a lot on which a church is located is not appurtenant to the church, while in this case the garage, the driveway, walks and retaining walls are all necessary to the full enjoyment of the dwelling-house itself and are appurtenant to it. They all came within the direct provisions of the statute for which a single lien may be filed and within the rule as announced by Mr. Justice Lord in *Willamette Mills Co.* v. *Shea, supra.* Also within the general rule as stated in 27 Cyc. 40, that—

''In order for work or material furnished on improvements outside of a building to be included in a mechanic's lien, such improvements must be either appurtenant to the building or included in the contract for the building; otherwise there is no lien.''

It would be an intolerable situation, if under a valid contract with the duly authorized contractor of the owner, or, if under a contract with the owner himself, a person employed to work upon or furnish material for the erection upon one lot of a dwelling-house, and of a number of other structures, all being constructed at the same time and upon the same property, and all necessary to the full enjoyment of the dwelling-house, the laborer or materialman should be compelled to file a separate notice of his claim of lien against each for the labor performed and materials furnished them separately. That such was

not the purpose of the statute nor the intention of the legislature seems to be obvious from the language of the statute.

Here, the improvements consisted of a dwelling-house, a garage, walks connecting with the house, a driveway and retaining wall. If a separate lien for each was required, the court, in enforcing all of these liens, would be compelled to subdivide the lot so that there could be allotted to each of said structures sufficient space around the same for the convenient use and occupation of each. A rule, which would lead to such absurdity, would be intolerable.

It is obvious that in the absence of an estoppel or such knowledge upon the part of the owner as would create a liability under Section 10194, Or. L., a person who has contracted with the owner of property for the erection of a building thereon cannot, by contracting with a third person and securing performance by him, bind the owner's property beyond the terms of the owner's contract. Where the owner has contracted for the erection of a specified building or structure upon his land, the person, with whom he contracted, is not authorized to enter into and contract for the construction of any different building or structure from that contracted for; and if the contractor should enter into a subcontract beyond the terms of the owner's contract, the subcontractor cannot maintain a lien against the owner for anything done in excess of what the owner contracted for. From this the principle stated in *Beach* v. *Stamper*, 44 Or. 4 (74 Pac. 208, 102 Am. St. Rep. 597), has developed, that authority to bind the owner's property in lien cases must emanate from the owner's contract. In the case last cited, the principle was extended, and it was held properly, we think, that

where the contractor had contracted with the owner by four separate contracts to construct four separate buildings to be paid for separately, that since the contractor himself would not be permitted to file a single lien upon all of the buildings for the work done upon all, the subcontractor will not be permitted to file a single lien for work done upon all. We can see no reason why that principle should be applied to the facts of this case, since everything done by the lienor was contracted for by the owner.

8. The work, that plaintiff contracted to do, consisted of the laying of concrete. The answer alleges, as a counterclaim, that this work was defectively done, that by reason thereof, defendant sustained damage, which he sought to have offset against the reasonable value of the services and material furnished by plaintiff. The owner may recoup, as against a mechanic's lien, damages arising from failure to perform the contract properly: Boisot on Mechanics' Liens (1887 ed.), § 590. That defendant did sustain some damage, because of defects in plaintiff's work, clearly appears from the testimony, but it is not so clear that plaintiff was responsible for the damage, since there was convincing testimony, which tended to show that the damage resulted, not from the manner in which the work was done, but, from defective material, which the original contractor had on hand and required the plaintiff to use in the performance of the work. However that may be, plaintiff sought to recover the sum of $586.40, with interest, and was awarded judgment and decree for the sum of $297 only. A careful examination of all of the evidence convinces us that the learned trial judge, who tried the case in the court below, allowed

as an offset to plaintiff's demand all that the plaintiff should be required to pay on account of said damage.

9. The decree appealed from, not only forecloses the lien and directs a sale of the property in satisfaction of the amount due, but also awards a personal judgment against the defendant for the amount. The plaintiff was not entitled to a judgment against the defendant personally, but only to the foreclosure of the lien and a sale of the property in satisfaction thereof. A decree will be entered here accordingly, and, except as modified, the decree appealed from is affirmed.                    AFFIRMED AS MODIFIED.

BEAN, BROWN, COSHOW and BELT, JJ., concur.

McBRIDE, C. J., and BURNETT, J., dissent.

BURNETT, J.—This is a suit to foreclose an alleged mechanic's lien, the foundation notice of which as filed in the office of the county clerk, reads as follows, so far as material to the questions involved:

"Know all men by these presents, that the undersigned, V. W. McCormack, hereinafter called 'The claimant,' hereby claims a mechanic's lien upon that certain building or improvement known as a residence and the land upon which the same is located, in the County of Multnomah, State of Oregon, and described as follows: Lot 9, Block 76, Laurelhurst.

"The lien hereby claimed is for materials furnished and delivered at said premises to be used and which were used in the construction, alteration and repair of said building, and for labor performed upon said building at the instance and request of Portland Construction Company.

"At the time of commencing to furnish said materials and to perform said labor Dr. A. Bertschinger was the owner or reputed owner of said building, and Dr. A. Bertschinger is now the owner thereof. That

Dr. A. Bertschinger is the owner of said land and had knowledge of the construction, alteration and repair of said building, and caused the same to be done.

"In the construction, alteration and repair of said building, Portland Construction Company was the contractor and agent of said Dr. A. Bertschinger.

"Said materials were furnished and said labor was performed between the dates of July 2nd, 1921, and July 17th, 1921, and the contract and reasonable price thereof was and is the sum of five hundred eighty-six and 40–100 dollars, lawful money of the United States, and the sum of five hundred eighty-six and 40–100 dollars is now due or to become due to the claimant and the following is a true and correct statement of said account and demand after deducting all just credits and off-sets:

"Mr. A. Bertschinger,
　　"In account with
　　　"V. W. McCormack.
"To labor and material, being concrete work
　　on residence located on Lot 9, Block 76,
　　Laurelhurst ..........................$586.40

"It is the intention of the claimant to hold a lien upon the building hereinbefore described, for the amount of said claim, and not only upon said building, erections and superstructures, but also upon the land upon which the same are constructed, together with a convenient space about the same or so much as may be required for the convenient use and occupation thereof, to be determined by the judgment of the court at the time of the foreclosure of this lien."

The complaint avers, among other things:

"That heretofore and on and between the 2nd and 17th days of July, 1921, the above-named plaintiff performed work and labor in the construction, alteration and repair of a certain building, sidewalk, outhouses and driveway used in connection therewith and furnished material to be used therein, which said labor was performed upon, and which said material was used in the construction of the same.

"That said building is a residence and is located upon Lot 9 of Block 76 in Laurelhurst Addition to the City of Portland.

"That said labor so performed and said material so furnished were both at the special instance and request of the Portland Construction Company, as independent contractor and the agent of the above-named defendant."

The answer:

"Admits that plaintiff attempted to perform certain construction work in connection with the residence located on Lot 9, Block 76, Laurelhurst. Admits that plaintiff filed a purported notice of lien with the County Clerk of Multnomah County, Oregon. Admits that plaintiff mailed to defendant a notice stating that he intended to commence suit."

Otherwise the whole complaint is traversed. The new matter in the answer has to do with alleged defects in the work said to have been done on the premises, all of which is put in issue by the reply. In the final decree the Circuit Court reduced the plaintiff's claim and ordered foreclosure for the remainder. The defendant has appealed.

Although the plaintiff has demanded a personal judgment against the defendant, yet as said by Mr. Justice RAND in *Duby* v. *Hicks,* 105 Or. 27, 30 (209 Pac. 156, 158) "the lien claimed was purely a statutory lien, and the sole relief to which the plaintiff is entitled here is the foreclosure of that lien." The suit is not for the direct recovery of money. Section 422, Or. L., declares that:

"A lien upon real or personal property, other than that of a judgment or decree, whether created by mortgage or otherwise, shall be foreclosed, and the property adjudged to be sold to satisfy the debt secured thereby by a suit. In such suit, in addition to the decree of foreclosure and sale, if it appear that a promissory note or other personal obligation for

the payment of the debt has been given by the mortgagor or other lien debtor, or by any other person as principal or otherwise, the court shall also decree a recovery of the amount of such debt against such person or persons as the case may be, as in the case of an ordinary decree for the recovery of money.''

It is not stated in the complaint or indicated in the testimony that any promissory note or other personal obligation had been given by anyone as a lien debtor. Hence the sole relief, if any, that can be awarded to the plaintiff is the foreclosure of his lien without any personal judgment.

It will be noted that by his notice above quoted plaintiff ''claims a mechanic's lien upon that certain building or improvement known as a residence.'' He does not include any other structure or appurtenance. By his evidence he undertakes to prove under this notice, labor, not only performed on and material furnished for the residence, but also for adjacent walks, on a separate building called a garage, on a driveway leading to the garage, and on a retaining wall built along the boundary line between the lot mentioned and adjoining real property. It is suggested that if the plaintiff had agreed with the defendant to build on the premises in question a residence without saying more, the defendant could not be heard to resist payment for the residence, and say to the plaintiff:

''It is true you built a residence, but you did not construct a garage or driveway leading thereto, or lay any walks about the house or build a retaining wall on the line between me and my neighbor.''

On the other hand, having declared for labor and material employed in constructing a certain building called a residence, the claimant cannot in his evidence include other structures any more than he could

prove the sale of a cord of wood or a barrel of flour under a complaint to recover the sale price of a horse. By the statute, Or. L., Section 10191, for labor and materials furnished to erect a building, the claimant "shall have a lien upon the same" building and not upon another. Neither can another building be the basis of a lien upon the one named in the notice. So in this instance it is apparent that the only property involved here is "that certain building known as a residence," and that the plaintiff cannot include in his claim as stated other buildings or works.

In *LaCrosse etc. R. R. Co.* v. *Vanderpool,* 11 Wis. 119 (78 Am. Dec. 691), an attempt was made to foreclose a mechanic's lien on a railroad bridge on the theory that it was a building within the meaning of the Wisconsin statute giving a lien upon buildings. The court there said:

" 'Building' as a noun, has a common well understood meaning, exclusive of structures of this character (a railroad bridge) and including only those which have a capacity to contain and are designed for the habitation of man or animals, or the sheltering of property."

See, also, *Wheeler* v. *Pierce,* 167 Pa. St. 416 (31 Atl. 649, 46 Am. St. Rep. 689).

Section 10191, Or. L., reads thus in part:

"Every mechanic, artisan, machinist, builder, contractor, lumber merchant, laborer, teamster, drayman and other persons performing labor upon or furnishing material, or transporting or hauling any material of any kind to be used in the construction, alteration or repair, either in whole or in any part of any building, * * fence, sidewalk, * * or any structure or superstructure, * * shall have a lien upon the same for the work or labor done or transportation of material furnished at the instance of the owner of the building or other improvement or his

agent; and every contractor, sub-contractor, architect, builder or other person having charge of the construction, alteration or repair, in whole or in part, of any building or other improvement as aforesaid, shall be held to be the agent of the owner for the purpose of this act.''

In declaring that the person named ''shall have a lien upon the same'' the statute did not mean to say that a person should have a lien upon a building so described in the notice, not only for material that went into that building but also for material used in the construction of adjacent buildings or other structures.

Unquestionably since *Willamette Mills Co. v. Shea,* 24 Or. 40 (32 Pac. 759), it is competent to include in a single contract, two or more buildings or other structures so that a subcontractor performing part of the work called for by the same agreement may claim a lien upon all the structures within the embrace of the stipulation. The necessity of a single contract covering more than one structure, treating the different units as an entirety, is stressed by Mr. Justice Lord in that case as a requisite for the support of a lien affecting more than one structure simultaneously.

In *Beach* v. *Stamper,* 44 Or. 4 (74 Pac. 206, 102 Am. St. Rep. 597), the original contractor had stipulated with the owner for the completion of four dwelling-houses upon the premises in question, there being a separate contract with a different consideration as to each. The houses were to be separately located and constructed. The original contractor entered into an agreement with Stamper, the defendant in the suit, whereby the latter for a reasonable sum agreed to furnish the materials and do the painting of the four houses mentioned, likewise designating the value of

the services as to each building. It was there urged in favor of Stamper that the original contractor was the agent of the owner and empowered to make a lump contract for the painting of all four of the houses. Commenting upon this situation Mr. Justice WOLVERTON said, after considerable discussion:

"The original contractor, King, was not in a position to claim a single lien upon the whole for any default that might have been made by the builder in the payments stipulated for. This would seem to follow from the principle announced that the contract must form a basis for a lien on the whole, but it is supported by authority as well. (Citing precedents.) But the exact question here involved— whether Stamper is entitled to the lien claimed by him—has been decided in *Knauft* v. *Miller,* 45 Minn. 61 (47 N. W. 313), wherein the court say: 'The appellant (a subcontractor) is not entitled to a lien upon both lots for what was done under his entire contract,' citing *Landers* v. *Dexter,* 106 Mass. 531, and continuing: 'To charge the whole property with a lien to the extent of the whole contract price would, in effect, impose a lien upon each separate building and lot, not only for the labor and material expended upon it, but for that expended upon other buildings and lots. The distinct independent contracts made by the owner would not have justified the original contractor in claiming a lien upon either lot except for labor or material expended upon the particular lot sought to be so charged, and this subcontractor could secure no such general lien which the original contractor could not have done.' "

Otherwise discussing the matter, Mr. Justice WOLVERTON said:

"The contract is therefore the controlling feature that unites the several structures and enables the court to say that they are but one building within the spirit and reasonable intendment of the statute."

Also in commenting upon the reason of the decision in *Willamette Mills Co.* v. *Shea,* 24 Or. 40 (32 Pac. 759), Mr. Justice Wolverton said:

"The controlling feature which induced the decision was that the contract for construction was single, embracing all the buildings for a lump and inseparable sum or price, thus treating the property as a whole and inseverable."

In other words, the claimant not only is confined by his notice to one building and to the labor and material furnished for that building, but also he cannot have a lien on more than one building unless he shows an entire contract covering all the structures as a single unit. Such a contract is indispensable to the support of a lien on more than one building.

Moreover, the notice of lien must be complete within itself and cannot be aided by averment: *Morrison* v. *Willard,* 17 Utah, 306 (53 Pac. 832, 70 Am. St. Rep. 784); *Bastrup* v. *Pendergast,* 179 Ill. 553 (53 N. E. 995, 70 Am. St. Rep. 128); *East Side Mill & L. Co.* v. *Wilcox,* 69 Or. 266 (138 Pac. 843). This last case was overruled on another point in *Oregon Lumber Co.* v. *Nolan,* 75 Or. 69 (143 Pac. 935, 146 Pac. 474), and *St. Johns Lumber Co.* v. *Pritz,* 75 Or. 286 (146 Pac. 483); but for the purpose here cited it remains unimpaired and is well supported by authority.

True, it is said in Section 10192, Or. L.,—

"The land upon which any building or other improvement as aforesaid shall be constructed, together with a convenient space about the same, or so much as may be required for the convenient use and occupation thereof. * * shall also be subject to the liens created by this act,"

but where the lien claim is laid upon a certain building as in this instance, this statute only gives a lien on adjacent land for materials which went into

the building mentioned. The law does not give a lien upon such a building for material and labor which went into other structures, although they were located within the curtilage of the dwelling. In the testimony, claim is made for labor and materials furnished, not only in the basement of the residence and steps adjacent thereto, but also for the retaining wall mentioned, the floor of the garage, sundry walks on the lot, and a driveway from the street to the garage. Our statute does not as in West Virginia— *O'Neil* v. *Taylor,* 59 W. Va. 370 (53 S. E. 471)—give a lien on appurtenances for material used in a building. In short, on this point, the notice of lien cannot be aided by averment and must be confined in its effect to the building mentioned therein. If a lien claimant would enlarge his claim so as to include not only one building, but other separate structures, although upon the same premises, he must aver a single entire contract covering all those things. He cannot allege a single building and prove material that went into other structures, although within the vicinity and convenient to be used by the owner of the property. It is referable to the principle that the proofs and the allegations must correspond. When this suit came to trial, the plaintiff evidently sought to avoid the effect of this principle by amending his complaint. The original complaint averred that the "plaintiff performed work and labor in the construction, alteration and repair of a certain building, and furnished material to be used therein." At the trial, he amended his pleading so as to state, "plaintiff performed work and labor in the construction, alteration and repair of a certain building (sidewalk, outhouses and driveway used in connection therewith), and furnished material to be used therein." The amendment consists of the words inclosed in paren-

theses, but as we have seen that could not aid the claim of lien.

The evidence does not disclose the terms of the agreement with the original contractor. Although it is said to have been in writing, the writing is not produced, but without dispute, even as stated by the plaintiff, the retaining wall mentioned in the evidence was not included in the original contract. It was by virtue of a separate agreement, as the plaintiff states, direct with the owner. It will not do to say that this was a modification of the former contract, for as already shown, the original contractor was one of the parties to that agreement and only for the purpose of supporting a lien was he by that contract made the agent of the defendant. He could not bind the defendant in any way beyond the terms of the original contract. Neither can the defendant nor the plaintiff change that contract without the consent of the contractor, he being a party personally bound by it; so that we have at best two contracts for separate pieces of work on the premises. There was no entire contract covering all these separate improvements, that being the essential laid down in *Willamette Mills Co.* v. *Shea* and *Beach* v. *Stamper, supra.*

The lien notice must be complete within itself and cannot be expanded beyond the building therein described so as to include other structures, although erected upon the same lot. Applicable to this feature it is said in *Missouri Valley Cut Stone Wks.* v. *Brown,* 50 Mo. App. 407:

"A retaining wall though it serves the purpose of a fence, and a driveway extending from the street up to the side of the residence are not such improvements that a mechanic's lien can be maintained for the material used in the construction thereof when contracted for separately from the building."

115 Or.—18

In *McDermott* v. *Palmer,* 2 E. D. Smith (N. Y.), 675, it was said:

"The provisions of the Act passed April 20, 1830, authorizing a lien in favor of mechanics for work performed towards the erection, construction or finishing of buildings do not apply to the flagging of sidewalks, yards and areas of buildings in the process of erection."

By way of *dictum* it was said that perhaps under a later statute sanctioning a lien on buildings and appurtenances, a lien might have been established on adjoining structures, but under a statute like ours the rule was laid down as stated.

In *Truesdell* v. *Gay,* 13 Gray (Mass.), 311, it is said:

"A wall built around three sides of the stack of an iron furnace at the distance of a few feet from it in order to protect it from the possible sliding down of the earth from a hill at the foot of which it stands, is not a building within the meaning of St. 1851, C. 343, and including labor performed upon the wall, in a statement filed in the town clerk's office under that statute will defeat any lien for work done upon the furnaces."

In *Title Guarantee Co.* v. *Wrenn,* 35 Or. 62, 71 (56 Pac. 271, 76 Am. St. Rep. 454), under a claim of lien on a building, Inman, Poulsen & Co., put in a charge for material used in constructing a fence around the property on which the building was situated. Although "fence" is one of the structures for which a materialman's lien will lie, yet the court rejected the charge for fence material, not because it might have been lienable under a proper omnibus contract and notice or under a separate claim, but because it was not lienable under the claim reciting only the building. All that saved the lien on the building proper was the fact that the item for fence material

was separately stated and not in lump form so that on the face of the · claim the court could see what ought to be eliminated.

In *Harrisburg Lumber Co.* v. *Washburn*, 29 Or. 150, 164 (44 Pac. 390), there was a claim of lien against a church building. The plaintiff put in an item separately stated, for lumber for a sidewalk around the lots on which the building stood. Even as the statute stood at that time, although the sidewalk was not named as such, it was a "structure" within that term as used in the statute. Speaking by Mr. Justice Moore, the court said:

"Had the claim contained a lumping charge of the amount demanded and there were no means of ascertaining from the notice itself the quantity and value of the lumber used in building the sidewalk the lien would be defeated."

It was also said in *Kezartee* v. *Marks & Co.*, 15 Or. 538 (16 Pac. 412):

"The liens under this statute are specific; that is, they· extend to the particular structure, building, or erection in or upon which the particular materials were used, or the particular labor was performed. In this case Mr. Beardsley had a lien upon the fence for the materials furnished and used in its construction, and he had another lien upon the house for the materials used in its repairs and construction; but he had no lien upon the fence for materials used in the house, nor upon the house for materials used in the fence."

The court there excluded the claim of Beardsley. In the *Willamette Mills Co.* v. *Shea* case the court distinguished the case of *Kezartee* v. *Marks & Co.*, owing to the fact that in the Willamette Mills case there was a specific contract including all the buildings as one unit, but that feature is utterly wanting in the instant case. The result is that the lien here

cannot be sustained for the reason that there is no omnibus contract grouping together several improvements. The forbidden scheme is to include in a lump charge against a specified building not only labor and materials entering into the construction of that building, but also labor and materials used in separate structures one at least of which was not included in the original contract under which the plaintiff claims.

Another reason is that the claim is made only upon the building, which does not include other than that, although erected on the same lot and under such a notice there could be no recovery except for what went into the building described.

There is yet another reason why this claim cannot be allowed. Section 10195, Or. L., says:

"It shall be the duty of every original contractor, within sixty days 'after the completion of his contract, and of every mechanic, * * or other person, save the original contractor, claiming the benefit of this act, within thirty days after the completion of the alteration or repair thereof, * * to file with the county clerk of the county in which such building or other improvement, or some part thereof, shall be situated, a claim containing a true statement of his demand, after deducting all just credits and offsets, with the name of the owner, or reputed owner, if known, and also the name of the person by whom he was employed or to whom he furnished the materials, * * ."

In *Rankin* v. *Malarkey*, 23 Or. 593 (32 Pac. 620, 34 Pac. 816), the notice of claim of lien was almost precisely in terms like the one here in question. The court there said:

"This notice of lien does not comply with the requirements of the statute, because it fails to state the name of the person to whom the materials were furnished. * * While no particular form is necessary,

the notice on its face should show that the claimant, at the instance of the owner or his agent, had furnished certain materials to be used in the construction of a building upon which he claimed a lien, and for this purpose the statute has required the claimant to name in his notice the person to whom the materials were furnished. The plaintiff having failed to do this, or to connect the owner of the premises with the materials furnished his lien never attached to the land or building.''

The same doctrine is reiterated on rehearing by Mr. Justice Bean. Practically the same form of claim was in question in *Getty* v. *Ames,* 30 Or. 573 (48 Pac. 355, 60 Am. St. Rep. 835), where the court said:

''This claim or notice of lien is clearly insufficient, because it does not state, either directly or by necessary inference, the name of the person to whom the claimants furnished material, or for whom they performed the labor for which they seek to enforce the lien, or, indeed, that they furnished any material or performed any labor whatever on the building of the defendants. Upon these questions the notice is entirely silent, and is, therefore, insufficient under the mechanic's lien law of this state.''

The same doctrine is advanced in *Dillon* v. *Hart,* 25 Or. 49 (34 Pac. 817), and in *Leick* v. *Beers,* 28 Or. 483 (43 Pac. 658).

As to the materials the notice says it is for materials furnished and for labor performed on said building, but to whom the materials were delivered is not stated. Again, the statement of claim is

''To labor and material being concrete work on residence located on Lot 9, Block 76 Laurelhurst.''

On the other hand, the reply shows:

''That the material used in the construction of the driveway upon said premises was ordered by

Fancher-McLean Co., and the successor to said Fancher-McLean Co., namely, the Portland Construction Co., and the same was of very poor quality, and by reason thereof the surface on the driveway became loose from the base thereof."

The original reply had it that this material used in the construction of the driveway was furnished by the Fancher-McLean Co. The proof expressly sustains the theory that it was furnished by that company. The statement, however, in the lien notice does not show what part of the material was furnished by the plaintiff, if any, and what by the contractor. Consequently, we have a clear case of a lumping charge of items that were not lienable under the claim as stated by the plaintiff in the notice which he filed. The retaining wall was not lienable under a claim against the building, for the reason that it was not included under the contract under which this plaintiff claims.

It is well settled, in the language employed by Mr. Justice EAKIN in *Crane Company* v. *Erie Heating Co.,* 57 Or. 410 (112 Pac. 430), that:

"All authority to bind the owner on account of the building or buildings to be constructed must emanate from the original contract, which becomes the foundation law for the government of all subcontracts, as they must be let under it and by virtue of the contractor's authority obtained through it."

While the statute makes the original contractor the agent for the owner of the realty upon which the structure contracted for is to be erected, yet the scope of that agent's authority is measured and restricted by the terms of his contract. We are taught that where a notice of lien contains a lumping charge for labor or material, a part of which is lienable and part nonlienable, and the notice contains no itemized statement or other means by which it can

be ascertained from the notice itself, and without the resort to oral testimony, what amount of the charge is lienable, the right to a lien for the total amount or any part thereof is lost: *Kezartee* v. *Marks,* 15 Or. 529 (16 Pac. 412); *Harrisburg Lumber Co.* v. *Washburn,* 29 Or. 150 (44 Pac. 390); *Hughes* v. *Lansing,* 34 Or. 118 (55 Pac. 95, 75 Am. St. Rep. 574); *Stewart* v. *Spalding,* 71 Or. 310 (141 Pac. 1127).

The deduction is, that no item is lienable on behalf of a subcontractor as such unless the same is included in the agreement had by the owner with the original contractor. If a subcontractor would urge a lien upon more than one structure he must be able to refer to an original contract covering as one undertaking all the structures involved. He cannot place his claim on a single building and prove under that claim labor and materials furnished in the construction of another edifice. In other words, the original contract, the claim of lien, and the proof must correspond in scope and meaning or the lien will not attach. The original contractor has no authority as a statutory agent to bind the property in favor of a subcontractor for anything not included in the original contract. No subordinate claim can rise above that source and sanction of its origin. It may well be that one who happens to be a subcontractor may make an independent agreement with the owner of the realty to perform labor upon structures situated upon that realty or even to make new structures thereon and for such services could file a lien as an original contractor by virtue of his independent agreement, but he must assert his claim in that capacity. He cannot put into his claim of lien as a subcontractor anything outside of the original contract under which he is such subcontractor. Independent items are not lienable in favor of a sub-

contractor claiming as such under the contract of his immediate superior.

The terms of the original contract in the instant case do not appear in evidence. It is indicated that it was in writing, but the document was not produced and we are utterly uninformed as to its terms. As said before, while it is competent by a single contract to include several buildings and other structures situated upon the same ground, yet the claim of lien must be so framed as to correspond with such a contract. The claim in this instance is for

"Labor and material, being concrete work on residence located on Lot 9, Block 76, Laurelhurst ........................$886.40"

It is also declared by that notice to be the intention of the claimant "to hold a lien upon the building hereinbefore described," also upon the land together with the convenient space about the same, etc. Under such notice, confined as it is to a single structure, the claimant cannot import into his charge at the trial items for other buildings, although they might be within the curtilage of the residence, and that for the simple reasons that they are not included in his notice and that the notice does not refer to an omnibus contract covering all the structures. This is plainly a lumping charge not at all itemized so that it cannot, in the language of another, "be ascertained from the notice itself, and without resorting to oral testimony what amount of the charge is lienable" and what is not lienable.

The testimony discloses that at least part of the work for which the plaintiff claims was not at all within the contemplation of the original contract, yet the plaintiff is here claiming the right to tack it on to the lien which he claims upon the dwelling,

as a subcontractor. In short, his testimony shows that under the guise of claiming a lien upon the single structure described as a residence he is seeking to include items which are not at all within the meaning of the word "residence," such as driveways, walks and a garage, covering them with a lumping charge, but also an item for a retaining wall which he himself says was not in anywise included in the terms of the original contract under which he is claiming as a subcontractor.

Under the uniform holdings hitherto of this court such a claim is void and constitutes no lien upon the premises. The decision of the Circuit Court should be reversed and the suit dismissed. I dissent from the conclusion of Mr. Justice RAND.

Chief Justice McBRIDE concurs in this dissent.